JOHN L. SENIOR, JR. *v.* S. DJANA HOPE ET AL.

ALCORN, HOUSE, COTTER, THIM and RYAN, JS.

Argued January 2—decided January 30, 1968

*Warren W. Eginton,* with whom, on the brief, was *Raymond T. Benedict,* for the appellant (third-party plaintiff).

*Robert A. Slavitt,* with whom, on the brief, was *Abraham D. Slavitt,* for the appellees (third-party defendants).

ALCORN, J. The plaintiff brought this action pursuant to § 52-102a of the General Statutes. The portions which are material to the issue before us appear in the footnote.[1] Two defendants are named

[1] "Sec. 52-102a. IMPLEADING OF THIRD PARTY BY DEFENDANT IN CIVIL ACTION. A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or

in the action, one of whom, David Katz and Sons, Inc., demurred to the complaint on the ground that the action was premature. The trial court sustained the demurrer, the plaintiff failed to plead over, and judgment was rendered in favor of that defendant. The plaintiff has appealed from the judgment.

The complaint alleges that the plaintiff made a written agreement with the two defendants, a copy of which is annexed to and made a part of the complaint. The agreement recited, in substance, that the plaintiff was about to enter into an option agreement for the sale of real estate to John F. Aird, or his assignee, in which transaction the plaintiff recognized the defendants as the brokers or agents and agreed to pay them a stated commission when the sale was fully effectuated. The agreement further recited, in substance, that in the option agreement Aird undertook to indemnify the plaintiff and hold him harmless from any claim by any other broker or agent arising out of the transaction and that, although Aird, on delivery of written notice to the plaintiff, might assign his option, the assignee, by his acceptance of the assignment, would become jointly and severally liable with Aird under the option agreement. The defendants agreed with

may be liable to him for all or part of the plaintiff's claim against him. Such a motion may be filed at any time before trial and such permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded. The writ, summons and complaint so served shall be equivalent in all respects to an original writ, summons and complaint and the person upon whom it is served, hereinafter called the third-party defendant, shall have available to him all remedies available to an original defendant, including the right to assert set-offs or counterclaims against the third-party plaintiff, and shall be entitled to file cross-complaints against any other third-party defendant. . . ."

the plaintiff that "in order to further assure the . . . [plaintiff] against any possible liability for more than the one full commission specified in this agreement," in the event that either Aird or George W. Bossert, to whom the option agreement had that day been assigned, "shall in any way fail to save and hold harmless the . . . [plaintiff] from any claims, causes of action, demands, loss, cost or expense (including a reasonable attorney's fee), arising out of any claim against the . . . [plaintiff] made by any person not a party to this agreement for commission arising out of this transaction, then and in such event the . . . [defendants] jointly and severally agree that they will so hold harmless the . . . [plaintiff] from any such claim and will defend, at their own cost and expense any action against the . . . [plaintiff] seeking a commission arising out of this transaction instituted against the . . . [plaintiff] by any person not a party to this agreement."

The complaint then alleged, in substance, that the plaintiff had been sued by William S. Pitt, Jr., who claimed to be entitled to a commission arising out of the sale of the plaintiff's property; that the plaintiff had already paid a commission to the defendants pursuant to his agreement with them; and that, pursuant to that agreement, he looked to them for payment of any judgment which might be rendered against him in Pitt's action, with reasonable attorneys' fees and costs of defense.

The demurrer by the defendant corporation asserted that the cause of action stated was premature because (1) the corporation's obligation to the plaintiff was conditioned on the failure of Aird and Bossert to indemnify the plaintiff and (2) there was no allegation in the complaint of such a failure.

The trial court sustained the demurrer on the ground that the defendants had agreed to indemnify the plaintiff against loss so that liability would arise only on proof of loss and because it interpreted the words "or [who] may be liable" as used in the statute to mean a person upon whom liability would fasten as a result of facts proved on the issues in the original trial. The court concluded that, because any failure of Aird or Bossert to indemnify the plaintiff would not be a factual issue in that trial, the attempt to implead the defendant corporation was premature.

A demurrer tests whether the allegations of a complaint state a good cause of action. *Rutt* v. *Roche,* 138 Conn. 605, 607, 87 A.2d 805. "A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." *Pavelka* v. *St. Albert Society,* 82 Conn. 146, 147, 72 A. 725.

The plaintiff is utilizing a purely statutory procedure authorized by General Statutes § 52-102a. We have not heretofore had occasion to consider the rights conferred by § 52-102a to implead "a person not a party to the action who is or may be liable" for all or part of a claim made against a defendant in a civil action. The first sentence of the statute, however, finds its counterpart in Rule 14 (a) of the Federal Rules of Civil Procedure. Some guidance is thus furnished by the construction given by the federal courts and commentators to the federal rule. The purpose of § 52-102a, like that of Rule 14 (a), is clearly to obviate the multiplicity of actions. 3 Moore, Federal Practice (2d Ed.), ¶ 14.04. We conclude that, as in the case of Rule

14 (a), when § 52-102a permits the impleading of one who "is or may be liable" for the claim sued on, the purpose and effect of the quoted words is to accelerate the accrual of the right to assert a claim against the impleaded person although it does not affect his ultimate substantive rights. 3 Moore, op. cit., ¶ 14.08, and cases cited.

The plaintiff in the present case therefore had the right, under § 52-102a, to implead the defendants even though the latter's ultimate liability to the plaintiff was as yet undetermined. There must still, however, be a showing that, under applicable law, the defendants "may be liable" to the plaintiff. 3 Moore, op. cit., ¶ 14.10. We come now to the third sentence of § 52-102a, a sentence not found in Rule 14 (a). That sentence specifies in part that "[t]he writ, summons and complaint . . . shall be equivalent in all respects to an original writ, summons and complaint and the person upon whom it is served . . . shall have available to him all remedies available to an original defendant." While the proceeding under § 52-102a therefore is obviously an ancillary one or, as its title indicates, one for "[i]mpleading of third party by defendant in civil action," nevertheless the statute contemplates that the pleadings are to be treated in the same manner as those in the ordinary civil action. Consequently, the complaint must "contain a concise statement of the facts constituting the cause of action"; Practice Book § 85; and the defendant is privileged to test by demurrer the sufficiency of the cause of action stated. Practice Book § 106.

The question presented, then, is whether the complaint states facts entitling the plaintiff to the relief afforded under the statute. The complaint must be construed in the manner most favorable to

the plaintiff. *McAdam* v. *Sheldon,* 153 Conn. 278, 280, 216 A.2d 193. If any facts provable under its allegations would support a cause of action, the demurrer must fail. *Cyr* v. *Brookfield,* 153 Conn. 261, 263, 216 A.2d 198. "What is necessarily implied need not be expressly alleged." *Wexler Construction Co.* v. *Housing Authority,* 144 Conn. 187, 193, 128 A.2d 540.

The complaint, reduced to its simplest details, alleges that the defendants have jointly and severally agreed to indemnify and hold the plaintiff harmless from a claim such as that being made against him if Aird or Bossert fail to do so. The relief sought is damages and that the defendants pay any judgment rendered against the plaintiff in favor of Pitt with reasonable attorneys' fees and other costs of defense. There is no allegation that Aird and Bossert, or either of them, will not or cannot indemnify the plaintiff under the agreement alleged and no allegation of any circumstances to support a claim that the defendant "may be liable" to the plaintiff.

The burden was on the plaintiff to allege facts to bring his proceeding within the requirements of the statute. See *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 22, 213 A.2d 449. The complaint which was demurred to has failed to do this.

Although the trial court sustained the demurrer on other grounds, the validity of which we need not discuss, the result reached was correct.

There is no error.

In this opinion the other judges concurred.