JOHN R. SCHMITZ *v.* ANTHONY DINICOLA

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 106678
AT NEW HAVEN

Memorandum filed October 23, 1969

*Howard Jacobs,* of New Haven, for the plaintiff.

*Roger J. Frechette* and *Donald W. Celotto,* both of New Haven, for the named defendant.

*Harold C. Donegan,* of New Haven, for the third-party defendant Quality Fish Market, Inc.

FitzGerald, J. The initial action was returned to court on the first Tuesday of March, 1965. It is one in which John R. Schmitz is party plaintiff and Anthony DiNicola, doing business as DiNicola's Park and Crown Restaurant in New Haven, Connecticut, is party defendant. The officer's return on file discloses that on February 11, 1965, by virtue of the writ, he attached three pieces of real estate in New Haven in which the defendant had an interest, and on February 13, 1965, he made personal service upon the defendant.

In substance the complaint in the initial action alleges that on and prior to April 7, 1964, the named defendant, under the name of DiNicola's Park and Crown Restaurant, was engaged in the restaurant business in New Haven to which the public was invited; that on or about that date, and on a subsequent date in April, 1964, the plaintiff purchased raw clams as food from the defendant for consumption and ate them in the restaurant; that the defendant knew that the clams were purchased for such purpose; that the defendant warranted and represented that the clams were merchantable and fit for human consumption, when in fact they were not; that as a result the plaintiff became ill from

infectious hepatitis and suffered great pain and distress and incurred medical and hospital expenses and loss of time from his gainful employment; and that the plaintiff gave written notice to the defendant by registered letter under date of July 1, 1964, of his intention to claim damages. Damages asked are in the amount of $35,000. By way of answer the defendant admits that on and prior to April 7, 1964, he was engaged in the restaurant business in New Haven under the name of DiNicola's Park and Crown Restaurant to which the public was invited, and either pleads no knowledge or denies the remaining allegations in the plaintiff's complaint.

As against the defendant, the complaint in the initial action, in which Schmitz is party plaintiff, is one in which damages are sought for breach of the implied warranty of merchantability under the statute. General Statutes § 42a-2-314 (1).

By motion dated May 13, 1969, and filed on the following day, the defendant herein moved the court for permission to implead the Quality Fish Market, Inc., a Connecticut corporation, as a third-party defendant; the motion was granted. The third-party complaint, as appears from the officer's return on file, was served on June 18, 1969, and filed on June 20, 1969, and subsequently was permitted by the court to be amended by alleging the giving of the statutory notice. This amendment was allowed on August 22, 1969, being the same day that the demurrer interposed by the Quality Fish Market, Inc., was argued to the court, thereby removing the subject of the first of two main grounds of the interposed demurrer, only the second of which is to be considered hereinafter.

The status of the defendant Anthony DiNicola, Jr., doing business under the name of DiNicola's Park and Crown Restaurant, in regard to the Qual-

ity Fish Market, Inc., is that of a third-party plaintiff; the status of the latter party to the former is that of a third-party defendant. General Statutes § 52-102a. The complaint of the third-party plaintiff seeks a judgment against the third-party defendant for any sums that he may be held liable to pay in the action that Schmitz brought against him, together with costs and attorney fees. It is alleged in that complaint that at all times during 1964 the third-party defendant sold to the third-party plaintiff all clams served by the latter at his restaurant. As already noted, the complaint of Schmitz, the initial plaintiff, seeks a recovery of damages for breach of the implied warranty of merchantability in regard to clams he purchased from the initial defendant, now third-party plaintiff, and consumed on the latter's restaurant premises.

The only ground of the demurrer interposed by the third-party defendant to the complaint of the third-party plaintiff which now requires a consideration, in view of the allowed amendment by the court to that complaint as to the giving of notice, grows out of the subject of the paragraphs of the demurrer which recite in effect that the right of action stated in the third-party complaint, in view of § 42a-2-725 (1) of the General Statutes, which requires that an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued, is barred because it did not accrue within four years next before the commencement of the third-party action. The effective date of this statute was October 1, 1961. Public Acts 1959, No. 133 §§ 2-725 (4), 10-101; General Statutes § 42a-2-725.

In Connecticut, the time when an action is regarded as having been brought is the date of service of the writ upon the defendant. *Seaboard Burner Corporation* v. *DeLong*, 145 Conn. 300, 303; *Con-*

*solidated Motor Lines, Inc.* v. *M & M Transportation Co.,* 128 Conn. 107, 109. The third-party complaint was served upon the demurring third-party defendant on June 18, 1969, and the purchase and consumption of the clams in question by the initial plaintiff Schmitz were on two occasions in April, 1964, more than five years previously. So also it appears that personal service was made on the initial defendant, the third-party plaintiff, on February 13, 1965, in the initial action brought against him by Schmitz. Hence the intervening period of time between the commencement of the initial action by Schmitz against the initial defendant, the third-party plaintiff, on February 13, 1965, and the commencement of the latter's third-party action against the third-party defendant on June 18, 1969, was four years and four months. It has already been pointed out that notice by the initial plaintiff to seek damages of the initial defendant, the third-party plaintiff, was given by registered letter as far back as July 1, 1964.

A third-party action is authorized by General Statutes § 52-102a, to which reference has already been made. Our Supreme Court in a relatively recent decision has stated that the purpose of this statute, "like that of Rule 14 (a) [of the Federal Rules of Civil Procedure], is clearly to obviate the multiplicity of actions. 3 Moore, Federal Practice (2d Ed.), ¶ 14.04. We conclude that, as in the case of Rule 14 (a), when § 52-102a permits the impleading of one who 'is or may be liable' for the claim sued on, the purpose and effect of the quoted words is to accelerate the accrual of the right to assert a claim against the impleaded person although it does not affect his ultimate substantive rights. 3 Moore, op. cit., ¶ 14.08, and cases cited." *Senior* v. *Hope,* 156 Conn. 92, 96; see *Schurgast* v. *Schumann,* 156 Conn. 471, 484.

In *Senior,* supra, 97, our Supreme Court considered the scope of the third sentence of § 52-102a, which is not contained in Rule 14 (a) of the Federal Rules of Civil Procedure, and concluded, citing § 106 of the Practice Book, that a third-party defendant "is privileged to test by demurrer the sufficiency of the cause of action stated [in the third-party complaint]." The pertinent part of the all-important third sentence in § 52-102a, which is not found in, and therefore is not a part of, Rule 14 (a) of the Federal Rules of Civil Procedure, reads: "The writ, summons and complaint so served [in the third-party action] shall be equivalent in all respects to an original writ, summons and complaint and the person upon whom it is served, hereinafter called the third-party defendant, shall have available to him all remedies available to an original defendant . . . ." Here in Connecticut, an original defendant, notwithstanding what is now § 120 of the Practice Book, has been upheld in resorting to a demurrer in challenging a cause of action barred by the Statute of Limitations. *DiPiro* v. *Chapin,* 24 Conn. Sup. 174, 176, and cases there cited.

General Statutes § 42a-2-725 reads, so far as is pertinent to the problem at hand: "(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . . (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." In any view to be taken, the cause of action sought to be asserted by the initial defendant, the third-party plaintiff, against the third-party defendant cannot be said to have been commenced within the statutory limitation of four years after the cause of action, if such there be, had accrued; and by statute, the cause of action, if such there be, accrues when the breach occurs, and not otherwise. In the most favorable

view to be taken from the standpoint of the third-party plaintiff—and it is of no assistance to him—his third-party action was commenced against the third-party defendant by service of the third-party complaint on June 18, 1969, four years and four months after the initial plaintiff had commenced his action against the third-party plaintiff by service of the initial complaint upon him on February 13, 1965, and five years and two months after the initial plaintiff is alleged to have purchased of him and consumed the offending clams in the restaurant, which clams, as alleged by the third-party plaintiff in his complaint in the third-party action, had been purchased by him from the third-party defendant.

It is the inclusion of the third sentence of § 52-102a, not found in Rule 14 (a) of the Federal Rules of Civil Procedure, which confers upon the third-party defendant the privilege of testing the sufficiency of the cause of action stated in the third-party complaint from the standpoint of the Statute of Limitations. That is the significance of the holding in *Senior* v. *Hope,* 156 Conn. 92, 97. Any statement to the contrary in 3 Moore, Federal Practice (2d Ed.), ¶ 14.09, and cases cited in the footnotes thereto, has no application because of the inclusion of the third sentence in the Connecticut statute, § 52-102a.

The interposed demurrer by the third-party defendant to the complaint of the third-party plaintiff in the case at bar is required to be, and is, sustained. The cause of action stated in that complaint, not having been commenced within four years after the cause had accrued, is barred. The holding in *Senior* v. *Hope,* supra, which is based upon and construes the third sentence in General Statutes § 52-102a, which sentence is not contained in Rule 14 (a) of the Federal Rules of Civil Procedure, compels this result.