[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS CT Page 4395
The plaintiffs Bourgeois Shaw and Atlantic Pipe bring these actions to foreclose on mechanic's lien in order to collect payment for services provided to the defendants, Quadrangle Limited Partnership and the Schnip Building Company.
Quadrangle hired the Schnip Building Company to build a retaining wall in the parking area as part of a reconstruction project. Schnip in turn hired Bourgeois Shaw, Inc. (B S), Atlantic Pipe, Doublewal Corp. and Charles Welti. B S did the actual work with instructions and advice from Atlantic Pipe, Doublewal, and Clarence Welti. Atlantic Pipe or Doublewal or both manufactured the concrete blocks; Clarence Welti, soil engineer, tested and evaluated the soil and advised on soil conditions and backfill necessary to build the retaining wall. The retaining wall has failed; B S and Atlantic Pipe were never paid; B S and Atlantic Pipe filed a mechanic's lien and instituted this foreclosure action.
Pursuant to Section 117 of the Practice Book, Quadrangle and Schnip impleaded Clarence Welti and Doublewal Corporation as third party defendants. Third party defendant Welti has moved to dismiss the third party plaintiff's action for lack of subject matter jurisdiction, claiming there is no basis for indemnification when the underlying action is a suit to foreclose a mechanic's lien.
"`A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law state a cause of action that should be heard CT Page 4396 by the court.'" State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 298 (1987) (quoting Baskin's Appeal from Probate, 194 Conn. 635, 640 (1984). The court has subject matter jurisdiction over the third party cause of action, which is a third party claim for indemnification provided for by Conn. Gen. Stats. 52-102a and Section 117 of the Conn. Practice Book. The purpose of Conn. Gen. Stats. 52-102a is "the impleading of one who `is or may be liable' for the claim sued on, the purpose and effect of the quoted words is to accelerate the accrual of the right to assert a claim against the impleaded person although it does not affect his ultimate substantive rights." Senior v. Hope, 156 Conn. 92, 97 (1968).
The court determined that Clarence Welti is or may be liable to the plaintiff when the court granted Quadrangle and Schnip motion to implead. It is for the trier of fact to determine whether the negligence or breach of a third party, neither lienor nor owner, was the cause of the retaining wall's failure.
Accordingly, the court has subject matter jurisdiction and the motions to dismiss are denied.
O'CONNOR, J.