[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONAS TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On January 23, 1989, the plaintiff, Barbara L. Rana fell in the hallway of her employer, Whittaker-Yardney Power Systems, who had a contract with Ocean State Cleaning Service to "clean, polish and/or otherwise finish and/or wax all floors at the premises." The original complaint, filed January 4, 1991, was against Frank Ritacco, who "owned, maintained and controlled" Ocean State Cleaning Service. In an amended complaint, filed February 13, 1992, Rana brought claims directly against two third party defendants that Ritacco had impleaded: Perma Incorporated (Perma) and Hi-Tech Carpet Cleaning, Inc. (Hi-Tech). On April 15, 1992, Rana filed the operative complaint; this substituted complaint contains three counts, one against each defendant.
In the first count of the complaint, Rana alleges that the defendant, Frank Ritacco, dba Ocean State Cleaning Service, was careless and negligent by "allow[ing] or CT Page 5638 permit[ting] to remain upon the surface of said hallway a slippery wax"; by fail[ing] to inspect said hallway; by failing to take necessary measures to remedy the hazardous condition; and by failing to warn the plaintiff of the dangerous condition. Rana alleges that she has suffered and will continue to suffer pain and anxiety as a result of her fall.
In the second count, Rana alleges that the defendant, Perma, manufactured and distributed cleaning products. In the third count, Rana alleges that the defendant, Hi-Tech, manufactured industrial cleaning products. Rana makes the same allegations against both Perma and Hi-Tech. Rana alleges that Perma and Hi-Tech manufactured the products Ritacco used in cleaning, polishing and/or waxing the floors of Whittaker-Yardney Power Systems. Rana alleges that her injuries were caused by their floor finishing products and that the products are dangerous, hazardous, and unsafe. Rana alleges that these defendants are liable for injuries and losses pursuant to " § 52-572 et seq (sic) of the Connecticut General Statutes." Rana alleges that she has suffered and will continue to suffer pain and anxiety as a result of her fall.
On July 20, 1993, Perma filed a motion for summary judgment and a memorandum in support on the ground that the action was barred by the statute of limitations. On June 21, 1994, the court, Parker, J., granted Perma's motion for summary judgment without a memorandum of decision.
On April 20, 1994, Hi-Tech filed a motion for summary judgment and a memorandum in support. On June 27, 1994, Rana filed a memorandum in opposition to Hi-Tech's motion for summary judgment.[1]
Practice Book § 384 states that summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Suarez v. Dickmont PlasticsCorporation, 229 Conn. 99, 105, 230 A.2d 664 (1994). The movant "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) Id. "The party opposing such a motion must provide CT Page 5639 an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id., citing Practice Book § 381. The court "must view the evidence in the light most favorable to the nonmoving party." Id.
Hi-Tech moves for summary judgment on the ground that Rana "amended her complaint to include direct claims against the third-party defendant, Hi-Tech, more than three years after the occurrence in question. Therefore, the plaintiff's claims are barred by Connecticut General Statutes § 52-577a as the claims set forth in the plaintiff's complaint are claims sounding in products liability. . . ."
In her memorandum in opposition, Rana argues that her complaint against Hi-Tech was filed in a timely manner under General Statutes § 52-102a. She argues that Practice Book 117 and General Statutes § 52-102a(c) both give her twenty days after Hi-Tech's appearance in the action to file a claim against Hi-Tech as long as her new claim arises out of the transaction or occurrence that is the subject matter of the original complaint.
The parties refer to the "all remedies" provision of General Statutes § 52-102a, "Impleading of third party by defendant. Rights and remedies of third-party defendant." This section provides that, "[t]he plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint, and the third-party defendant, as against such claim, shall have available to him all remedies available to an original defendant. . . ." General Statutes § 52-102a(c); Practice Book § 117; see also General Statutes § 52-102a(b).
Hi-Tech appeared in the action on February 10, 1992. Rana filed an amended complaint with a count against Hi-Tech on February 14, 1992. Rana's claim against Hi-Tech arises out of the occurrence of her fall, the subject matter of the original complaint.
General Statutes § 52-577a(a), "Limitation of action based on product liability claim," states that, "[n]o product liability claim. . . shall be brought but within three years from the date when the injury. . . is first sustained." General CT Page 5640 Statutes § 52-577, "Action founded upon a tort," states that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Hi-Tech begins its memorandum by arguing that "the plaintiff's claims are barred by. . . § 52-577a" but concludes that § 52-577 is "the applicable statute of limitations." Hi-Tech's reference to § 52-577 is in error.
Rana was injured on January 23, 1989. The amended complaint that first included a count against Hi-Tech was filed on February 14, 1992. Under § 52-577a, Rana's amended complaint was filed more than three years after her injury.
In Vincent v. Litchfield Farms, Inc., the plaintiff complied with Practice Book § 117 and General Statutes § 52-102a(c) and filed an "amended complaint adding a count against the third party defendants. . . within twenty days of their appearance as third party defendants." Vincent v. LitchfieldFarms, Inc., 21 Conn. App. 524, 526-27, 574 A.2d 834, cert. denied, 215 Conn. 815, 576 A.2d 544 (1990). "[A] plaintiff's amendment of a complaint in order to bring a direct action against a third party defendant is treated as the filing of an original action by the plaintiff against the third party defendant." Id., 527. The appellate court held that "[t]he plaintiff's complaint was amended after the statute of limitations had run as to the third party defendants. The claim was, therefore, time-barred, and the trial court was correct in granting the third party defendants' motion for summary judgment." Id., 528.
"The `all remedies' clause contained in General Statutes § 52-102a(b) preserves the statute of limitations defense for third party defendants." Protter v. Brown Thompson Co.,25 Conn. App. 360, 363, 593 A.2d 524, cert. granted, 220 Conn. 10
(1991). Compliance with Practice Book § 117 does not afford a plaintiff a twenty day extension. Radiology Clinics,P.C. v. Killmer, Superior Court, JD of Middlesex, DN. 65559 (December 22, 1993) (Walsh, J.) (having acknowledged that the language in §52-102a and Practice Book § 117 is the same). Compliance with §52-102a does not prevent a statute of limitations from barring a claim. Schmitz v. DiNicola, 28 Conn. Sup. 385, 391
(Super. Ct. 1969); Abate v. Barkers of Wallingford, Inc., 27 Conn. Sup. 46,50, 229 A.2d 366 (C.P. 1967).
Rana argues that she complied with § 52-102a(c) and that CT Page 5641 the Connecticut Supreme Court has not decided the issue (so Hi-Tech relied only on superior court and appellate court cases) and they are not meritorious. Appellate court and superior court cases are clear that a plaintiff is barred from filing claims beyond the statute of limitations, even if there is strict compliance with § 52-102a. Rana's compliance with § 52-102a(c) is irrelevant because her claim against Hi-Tech was filed more than three years after her injury.
The motion for summary judgment by Hi-Tech is granted.
Austin, J.