[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant in the instant matter filed a Motion to Strike the three counts in plaintiff's July 25, 1997 complaint. The essence of the defendant's argument in support of his motion is that the claims of the plaintiff are not ripe because they assert speculative damages.
The plaintiff, Citicorp Mortgage, Inc. (hereinafter "CMI"), CT Page 15303 brought this action against the defendant, Charles Ferrato, claiming that it is entitled to indemnity and damages as a result of his actions during an ejectment. CMI had hired Ferrato, a sheriff, to eject the Sigrists following a foreclosure action. As a result of the ejectment, the Sigrists sued CMI in a separate action, claiming to have been illegally ejected. That case,Sigrist v. Colson, et. al., has been consolidated with the present one. The plaintiffs in Sigrist have alleged various counts of wrongdoing against a number of defendants, including CMI. The defendant in the instant matter, Ferrato, is not a party to theSigrist matter.
In an apparent effort to shield and protect itself, CMI has filed the instant action against Ferrato. In Count One, the Negligence count, the plaintiff claims, that the Ferrato breached his duty to the plaintiff to complete the ejectment of the Sigrists in accordance with Connecticut laws. In Count One, the plaintiff also claims that "if the Sigrists prevail on their claim for money damages against CMI for the wrongful retention of their property . . . [it] is entitled to recover those damages against the defendant based on [Ferrato's] negligence. . . ." In Count Two, the Breach of Contract count, the plaintiff claims that Ferrato breached his agreement with CMI and that as a result it "has been damaged by the defendant's failure to complete the Sigrists' ejectment and will incur additional damages and expenses if the Sigrists prevail on their claims against it." In Count Three, the Indemnification count, the plaintiff claims to be "entitled to indemnification from the defendant for any damages it sustains as a result of his negligence in failing to complete the ejectment, including any damages it is ordered to pay in connection with the action the Sigrists have initiated against it."
The defendant moves to strike the First and Second Count on the grounds that these claims are premature because the plaintiff "has not suffered any ascertainable loss or harm." Memorandum of Law In Support of Motion to Strike. He moves to strike the Third Count on the grounds that it "does not set forth a cause of action upon which relief may be granted as there has been no finding of liability in the underlying action against Citicorp."Id. The defendant also argues that if the plaintiff wishes to pursue an indemnification action it should do so through a third party complaint brought pursuant to Connecticut General Statutes (hereinafter "C.G.S.") § 52-102a in the Sigrist case. CT Page 15304
The plaintiff, in its Memorandum in Opposition to the Motion to Strike, responds that the First and Second Counts should not be stricken because it has sufficiently pled that it "has been damaged." Memorandum in Opposition to the Motion to Strike. Such damage includes "having been forced to retain counsel and expend monies for the costs and expenses of defending itself in theSigrist case." Id. The plaintiff also argues that the statute of limitation would bar it from filing a negligence action or a contract action, if it were forced to wait to file this suit. Finally, addressing the indemnification argument, the plaintiff responds that C.G.S. § 52-102a is permissive, rather than mandatory and that although an indemnification action does not accrue until a party is "placed under an unavoidable obligation to pay," there is no harm to the defendant in allowing this claim to "remain viable pending determination of the Sigrist case." Id.
The central issue for this court is: whether the plaintiff has sufficiently pled justiciable claims in its three count complaint. For reasons more fully set forth in this decision, the defendant's motion to strike counts one and three is granted and his motion to strike count two is denied.
VI. Legal Discussion A. Motion to Strike
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.240 Conn. 576, 580 (1997). In deciding a motion to strike the court is limited "to a consideration of the facts alleged in the complaint." Doe v. Marselle 38 Conn. App. 360, 364 (1995). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff] [has] stated a legally sufficient cause of action." Napoletano v. Cigna Healthcare of Conn.,Inc. 238 Conn. 216, 232-33 (1996).
 B. Indemnification: Counts One and Three
The purpose of plaintiff's complaint appears to be, at least in part, to provide claims for indemnification. CMI is clearly concerned that it might be forced to pay damages to the CT Page 15305 Sigrists as a result of defendant Ferrato's actions. In §52-102a of the C.G.S. the legislature has provided for protection to defendants in civil actions who are in CMI's situation. That section provides that:
 "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."
This section clearly sets forth a procedure available to the plaintiff to ensure that Ferrato be held responsible in case CMI is found liable to the Sigrists. Using the procedure set forth in § 52-102a will not only provide adequate protection to the plaintiff, but it will also avoid unnecessary litigation. One of the purposes of the statute is to obviate multiplicity of actions. Senior v. Hope 156 Conn. 92 (1968).
The plaintiff argues that it should be allowed to bring stand alone indemnification claims because the statute of limitations would preclude it from bringing an action after the resolution of the Sigrist case and because its breach of contract claim could not be brought in an indemnification action pursuant to C.G.S. § 52-102a. It also argues that there is no harm in allowing this action to stand.
The running or tolling of the statute of limitations is not a recognized factor in determining the sufficiency of a claim. Though it would indeed be unfortunate to have its claims stricken, and then be precluded from filing suit because of the statute of limitations, this is not one of the factors this court should consider when deciding the Motion to Strike. Secondly, for reasons more fully elaborated upon in this decision, the breach of contract claim is not stricken. Finally, one of the purposes of C.G.S. § 52-102a is to prevent duplicitous litigation. Therefore, harm or no, preference should be given to fewer actions over more actions. Thus, plaintiff should use §52-102a of C.G.S. to assert its claim for indemnification, rather than this independent action alleging, inter alia, claims for indemnification.
This court finds that C.G.S. § 52-102a provides the appropriate remedy to the plaintiff to claim indemnification. CT Page 15306
 C. Breach of Contract Damages
Count Two of the complaint alleges breach of contract. "The general rule in breach of contract cases is that the award of damages is designed to place the injured party, so far as can be done by money, in the same position as that which he would have been in had the contract been performed . . . It has traditionally been held that a party may recover general contract damages for any loss that may fairly and reasonably be considered [as] arising naturally, i.e., according to the usual course of things, from such breach of contract itself . . ." (Citations omitted; internal quotation marks omitted.) Torosyan v.Boehringer Ingelheim Pharmaceuticals, Inc., 234 Conn. 1, 32
(1995). "Such damages are measured as of the date of the breach." (Citations omitted). Kevin Roche-John Dinkeloo Assoc.v. New Haven, 205 Conn. 741, 749 (1988). Speculative claims for damages are not allowable in breach of contract cases. GrotonDevelopment Assoc. v. Int'l Fid. Ins. Co., Superior Court, judicial district of New London at New London, Docket No. CV 517864 (October 27, 1995) (Hurley, J., 1995) (Ct. Sup. 12229).
In Groton the plaintiff had brought a lawsuit against the defendant, which had provided a performance bond to indemnify it in case of pecuniary loss resulting from a breach by other entities. The plaintiff in Groton claimed that the other entities committed a breach, although it admitted that it had not been forced to expend any additional monies because of the breach. The defendants filed a motion for summary judgment claiming that "the Groton [had] not suffered any damages as a result of the breach and subsequent completion of the . . . contract because it did not have to spend any additional monies over and above the initial contract terms." Id. The trial court concluded that the plaintiff's claims were premature and speculative and granted the defendants motion for summary judgment.
Because this is a motion to strike and not a motion for summary judgment, this court must take the well pled facts as asserted in the complaint and view them in a light most favorable to the plaintiff. From that vantage point, the plaintiff's claim to have suffered damages as a result of the breach constitutes a cognizable one. Further, "[i]t is not permissible on a motion to strike to attack a single paragraph of a count. A count must stand or fall on the basis of all of its allegations, not merely some of them. Doyle v. A. P. Realty Corp.,36 Conn. Sup. 126 (1980)." Pixel, Inc. v. Fit, Superior Court, district of CT Page 15307 Fairfield at Bridgeport, Docket No. CV97-340702 (May 8, 1998) (Mottolese, J.) (1998 Ct. Sup. 5557, 5558). "A single paragraph, or subparagraph, is not properly subject to a motion to strike when the paragraph, or subparagraph, does not set forth a separate cause of action. See, e.g., Westport News v. Minuteman Press, Superior Court, judicial district of Fairfield at Bridgeport, Docket 319189 (May 15, 1996) (Hauser, J.) . . ." DeTullio v.Chehebrah Bikur Cholim, Inc., No. CV95 033 48 92 S (Mar. 25, 1997) (West, J.) (1997 Ct. Sup. 3283, 3284). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted). Schoonmaker v.Brunoli, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. CV 96-0472829 (Mar. 17, 1997) (Stengel, J., 1997 Ct. Sup. 3122, 3124).
The language in Count Two claiming that as a result of the defendant's breach it "has been damaged" saves this claim from being stricken. Although it is true that there are claims for what appears to be speculative damages in the Breach of Contract count, they are joined in the same paragraph with plaintiff's claim for recompensable damage. Given the totality of plaintiff's allegations in its breach of contract count, its claims for damages resulting from the breach of contract present sufficient allegations. Whatever damages the plaintiff suffered at the time of the breach of contract, if such breach is found proven, it is entitled to recover. Therefore, the motion to strike Count Two is denied.
 D. The Timeliness and Sufficiency of Plaintiff's Claims
The defendant argues that all of the plaintiff's claims are premature. As stated above, at least some of the plaintiff's claims for damages in Count Two are sufficient. Therefore this court may entertain those. In Counts One and Three, however, the plaintiff pleads that it is entitled to recover damages against the defendant if Sigrist prevails in its suit; and that it is entitled to indemnification from the defendant for any damages it sustains as a result of the defendant's negligence. The question is, are these claims in Counts One and Three premature?
Premature claims are non-justiciable. "Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) CT Page 15308 that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Citations omitted). American Premier U/W v. N.R.R. Pass. Corp.,47 Conn. App. 384 (1997) cert denied 244 Conn. 901 (1998).
The defendant's motion, essentially, challenges the jurisdiction of this court to hear and determine plaintiff's claims on the basis that the court lacks subject matter jurisdiction because the claims are non-justiciable. "Such contention is more appropriately raised and asserted through a motion to dismiss. However, [o]nce the question of lack of jurisdiction is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case . . . Figueroa v. C. S. Ball Bearing,237 Conn. 1, 4 (1996)." (Internal quotations omitted.) Fidelity Deposit Co. of Md. v. Bradley, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV-94-0544726 (Dec. 22, 1997) (Mulcahy, J.) (1997 Ct. Sup. 13945, 13947).
Neither party has presented this court with any case law regarding the issue of the justiciability or timeliness of plaintiff's claims. Nor have they presented any precedential guidance regarding handling contingent claims of damages. Admittedly, most of the case law dealing with the issue of the justiciability or timeliness of claims is not directly on point.See e.g. Cumberland Farms, Inc. v. Town of Groton, 247 Conn. 196
(1998)[1]; Mayer v. Biafore, 245 Conn. 88 (1998)[2]; andAmerican Premier U/W v. N.R.R. Pass. Corp., supra. There are two Superior Court decisions which are vaguely analogous to this case in that they address how to handle contingent claims which are challenged on the basis of timeliness. Sosin v. Scinto, Superior Court, judicial district of New Haven at New Haven, Docket No. 97-0402662 (April 21, 1998) (Silbert, J.) (1998 Ct. Sup. 4756) andTomback v. Lyons, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 93-305739S (September 2, 1997) (Hartmere, J.) (1997 Ct. Sup. 9137).
Judge Silbert was confronted with the issue of what to do with contingent or speculative claims of damages in Sosin v.Scinto.[3] The plaintiffs in Sosin brought a five count complaint after having entered into a contract with the defendants to purchase land and a residence. Certain contractual provisions provided for arbitration to resolve disputes between the parties. CT Page 15309 The plaintiffs had sought to arbitrate its claims pursuant to its agreement with the defendants. The defendants filed an injunction action in Milford Superior Court to prevent the arbitration. Judge Corradino granted the injunction and the plaintiffs appealed the decision and then filed a civil suit in New Haven Superior Court. In the civil action, the plaintiffs made claims for "damages [they] cannot recover in arbitration for claims relating to construction work [the defendants] performed." The defendants moved to dismiss the plaintiff's action because their "claims are contingent upon the outcome of the plaintiffs' appeal and thus are non-justiciable because they are not yet ripe for review." Judge Silbert granted the defendant's motion as to four of the five counts since those four courts relied upon a threshold determination by the Appellate Court regarding the issues of what claims were arbitrable and what claims were not.[4]
Similarly in Tomback, Judge Hartmere encountered a motion to dismiss a claim as untimely because it was contingent upon action outside the scope of the case. In Tomback, the plaintiff, an attorney brought a malpractice action against the defendant alleging that the defendant had negligently failed to record the mortgage of one of the plaintiff's clients in a timely fashion. The plaintiff also claimed that he had received notice that because this had compromised the security interest of his client, that client would be suing him. As a result, the plaintiff claimed that he had and would continue to incur damages. The defendant argued that Tomback had not suffered any damages yet and therefore his claims should be dismissed. Tomback countered that he had to bring the lawsuit because he might suffer damages and because the statute of limitations would run shortly on all of his tort and contract claims. The court held that:
 ". . . [T]he plaintiff clearly alleged that he had already incurred losses. Whether the other losses alleged are impermissibly speculative do not go to subject matter jurisdiction and cannot be decided on a Motion to Dismiss. Therefore, the defendant has failed to show that the court lacks subject matter jurisdiction because the present action is not ripe."
 Sosin and Tomback are clearly not directly on point. However, they do address the concept of the justiciability of speculative claims of damages. Thus, they provide insight into the applicable reasoning. Applying that reasoning to this case, CT Page 15310 this court finds that because Counts One and Three rely exclusively on the resolution of another matter in order to determine damages, they are premature (untimely) and impermissibly speculative. Therefore the motion to strike the First and Third Count is granted.
II. Conclusion
Counts One and Three depend upon the determination of theSigrist case. Applying the legal standard for justiciability, previously referenced, it is clear that those two counts are premature. Therefore, the claims for damages are not ripe and do not sufficiently state an actionable claim. Further, §52-102a provides the plaintiff with an adequate remedy with which to protect itself in the Sigrists case. The defendant's Motion to Strike Counts One and Three is granted.
Count Two, on the other hand, does sufficiently articulate a claim for damages resulting from the defendants alleged breach of contract. It alleges non-speculative claims for damages. The defendant's Motion to Strike Count Two is denied.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT