[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE AMENDED COMPLAINT
This case arises out of an alleged breach of an agreement for the rental of a billboard. The plaintiff, Mohegan Tribal Gaming Authority (Mohegan), is a federally recognized Indian tribe and operates the Mohegan Sun casino. The defendant, PNE Media, Inc. (PNE), is a company that rents out advertising space on outdoor billboards. According to Mohegan's complaint, Mohegan contracted with PNE[1] to rent a billboard at the intersection of Route 395 and Route 95. The contract was for April 1, 1997, to March 31, 2000, and allegedly included a right of first refusal.
Mintz Hoke (Mintz) was Mohegan's agent authorized to negotiate on Mohegan's behalf. In August 1999, PNE contacted Mintz and gave Mintz copies of proposed contracts between PNE and Foxwoods casino, Mohegan's main competitor, for the rental of the billboard. On August 31, 1999, Mintz and PNE agreed that Mohegan would renew its contract to rent the billboard at a higher rate than Foxwoods had negotiated to pay. Out of Home America (America), the alleged negotiating agent for PNE, drafted and sent five contracts to PNE for approval, and the contracts, including a contract for the rental of the billboard to Mohegan for March 15, 2000, to March 14, 2003, were signed by PNE and sent to Mintz. PNE subsequently repudiated the contracts and rented the billboard to Foxwoods.
On March 8, 2000, Mohegan filed a three count complaint against PNE, alleging violation of the Connecticut Unfair Trade Practices Act (CUTPA), breach of contract and breach of the covenant of good faith and fair dealing. On March 22, 2001, the defendant, PNE, filed an amended third party complaint, against Mintz and America.[2] The amended third party complaint alleges claims of fraudulent misrepresentation and violations of CUTPA against both Mintz and America. The third party defendant, Mintz, now moves to strike the amended third party complaint.
 DISCUSSION
A. MOTION TO STRIKE STANDARD
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is CT Page 12471 limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523, 753 A.2d 927
(2000).
Mintz moves to strike the amended third party complaint on the grounds that (1) count three, fraudulent misrepresentation against Mintz, is legally insufficient in that PNE has not alleged that it received or relied on any fraudulent misrepresentation from Mintz and (2) count four, violation of CUTPA against Mintz, is legally insufficient in that Mintz cannot be found liable to PNE for any of the claims alleged against PNE by Mohegan as required for purposes of impleading a party pursuant to Practice Book § 10-11 and General Statutes § 52-102a.
B. Count Three: Fraudulent Misrepresentation
Mintz moves to strike count three, fraudulent misrepresentation, on the ground that PNE has not alleged that it received or relied on any fraudulent misrepresentation. The elements comprising an action in fraud or fraudulent misrepresentation are: "(1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Barbara Weisamn, Trustee v. Kasper, 233 Conn. 531, 539,661 A.2d 530 (1995).
PNE alleges that Mintz made the following false and fraudulent representations to Mohegan as statements of fact: (1) PNE represented that if Mohegan executed and returned the renewal of the lease then PNE would secure the contract; (2) PNE recognized and intended to honor the right of first refusal; and (3) PNE had approved the terms of the lease. PNE also alleges that Mintz failed to disclose to Mohegan that PNE was also negotiating with Foxwoods. PNE alleges that the misrepresentations were untrue and Mintz knew that the misrepresentations were untrue. PNE further alleges that Mintz made the representations to Mohegan to induce Mohegan to act upon the misrepresentations and that Mohegan did so act. PNE alleges finally that PNE was injured by the misrepresentations.
There are no allegations, however, that Mintz made the misrepresentations to PNE. The misrepresentations must be made to the injured party, and as PNE is the injured party, the misrepresentations must have been made to PNE. Statewide Grievance Committee v. Egbarin,61 Conn. App. 445, 454, 767 Conn. App. 732, [767 A.2d 732], (2001). CT Page 12472
PNE argues that it is unnecessary to allege that Mintz made fraudulent misrepresentations directly to PNE. PNE argues that an agent is liable to third persons injured whether or not the agent is acting on behalf of his principal. In all of the cases that PNE cites in support of its argument, however, the person injured, the third person, is the person who received the misrepresentations from the defendant. See Maturo v. Gerard,196 Conn. 584, 588, 494 A.2d 1199 (1985); Scribner v. O'Brien, Inc.169 Conn. 389, 404, 363 A.2d 360 (1975); DeSantis v. Piccadilly LandCorp., 3 Conn. App. 310, 316, 487 A.2d 1110 (1985); Altieri v. Nanavati,41 Conn. Sup. 317, 573 A.2d 359 (1989). In the above cited cases, the agent made misrepresentations to a third person, the plaintiff, and the third person was injured. The present case differs from the cited cases in that PNE alleges that the misrepresentations were made by the agent (Mintz) to the principal (Mohegan) and a third person (PNE) was injured. The misrepresentation must be made to the person injured by the misrepresentations, and PNE has not alleged that the misrepresentations were made to PNE.
Further, "[t]here must be a justifiable reliance on the misrepresentation for a plaintiff to recover damages." Citino v.Redevelopment Agency of the City of Hartford, 51 Conn. App. 262, 275,721 A.2d 1197 (1998). PNE has not alleged that it relied upon the misrepresentations allegedly made by Mintz to Mohegan.
PNE has not alleged a cause of action for fraudulent misrepresentation. Therefore, Mintz's motion to strike count three of the amended third party complaint is granted.
C. Count Four: CUTPA
Mintz moves to strike count four of the amended third party complaint on the ground that PNE failed to allege that Mintz is liable to PNE for all or part of Mohegan's claims against PNE, as required by General Statutes § 52-102a and Practice Book § 10-11.
Pursuant to General Statutes § 52-102a and Practice Book §10-11, "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to such defendant for all or part of the plaintiff's claims against him." "The purpose of 52-102a, like that of [Federal] Rule 14(a), is clearly to obviate the multiplicity of actions." Beaudoin v. Town Oil Co.,207 Conn. 575, 588, 542 A.2d 1124 (1988). "Under § 52-102a, a party can implead a non-party "even though the latter's ultimate liability to the plaintiff was as yet undetermined,' so long as the impleading party shows that the impleaded party may be liable to them." Thyberg v.CT Page 12473Bonneville, Superior Court, judicial district of Hartford at Hartford, Docket No. 580561 (July 30, 1999, Peck, J.), quoting Senior v. Hope,156 Conn. 92, 97, 239 A.2d 486 (1968). "An impleading party has the burden of alleging facts sufficient to bring an action within the requirements of the [impleader] statute." Commissioner v. Lake PhippsLand Owners Corp., 3 Conn. App. 100, 102, 485 A.2d 580 (1985). "As a fundamental and threshold requirement, a third party plaintiff must allege that the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against him." Id.; see also Senior v. Hope, 156 Conn. 92, 239 A.2d 486 (1968).
In the underlying complaint against PNE, Mohegan alleges that PNE violated CUTPA by: (1) concealing from Mohegan that PNE would not honor the right of first refusal for renewal of the billboard; (2) failing to honor the right of first refusal for renewal of the billboard; (3) tying the renewal of the billboard to the rental of other billboards; (4) representing to Mohegan, through Mintz, that if Mohegan executed and returned the billboard contracts, then PNE would secure the contracts; (5) failing to disclose PNE's dealings with Foxwoods; and (6) engaging in bad faith negotiations. In the amended third party complaint, PNE alleges that Mintz violated CUTPA in that the representations that form the basis of Mohegan's claim against PNE were actually misrepresentations made by Mintz to Mohegan. Mohegan's CUTPA claim against PNE is based upon the alleged communications between PNE and Mohegan that took place during the negotiations for the renewal of the billboard lease. PNE's CUTPA claim is also based upon the same communications.
Mintz argues that PNE could never be held liable for the acts of Mintz because Mintz is another party's agent and "the well-settled principles of agency law preclude any possibility of PNE being held liable for the acts or omission of another party's agent, no less the agent of a party on the opposite side of a transaction." PNE is not, however, basing its CUTPA claim or Mintz's liability on agency theory, the CUTPA claim is based on Mintz's alleged misrepresentations and Mintz's actions as they independently effect PNE.
In Commissioner v. Lake Phipps Land Owners Corp., supra,3 Conn. App. 102, a third party complaint contained the following allegation: "the [third party defendant] is or may be liable to the plaintiff for all or part of the plaintiff's claim against the third party plaintiff." The court found that the third party complaint did not contain the required allegations that the third party defendant "is or may be liable to the third party plaintiff" and struck the third party complaint as being insufficient. Id. In the present case, PNE alleges that "[t]o the extent that PNE is found to be liable to [Mohegan] for violations of CUTPA, breach of contract, and/or breach of the covenant of good faith CT Page 12474 and fair dealing, Mintz is liable to PNE for such claims." PNE has alleged that Mintz is or may be liable to PNE for Mohegan's claims against it and has alleged a CUTPA claim. Therefore, Mintz's motion to strike count four is denied.
D. Michael Hurley, Judge Trial Referee