[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
This action arises from the execution of two contracts for one parcel of residential real estate, with a subsequent conveyance by the defendant Chase Manhattan Bank, hereafter Chase, to one of the two prospective purchasers. The unsuccessful prospective purchaser, Paul Ruby, commenced suit on December 5, 2000 in three counts; seeking money damages for breach of contract, for specific performance and conveyance of the real estate to him, and for damages for Connecticut Unfair Trade Practices Act (CUTPA) violations pursuant to Connecticut General Statutes § 42-110 (a) et. seq.
Subsequently, Chase brought a third-party action in three counts against the real-estate agent, Arminda Pereira, and Nova Realty, Inc., the agency representing it as the seller of the property. The third-party complaint alleges negligence, breach of fiduciary duty and indemnification. The third-party defendants filed a motion to strike the third-party complaint, alleging that, as a matter of law, the asserted third-party claims cannot be brought pursuant to the Connecticut interpleader statute. Chase counters by stating that the complaint does set forth viable causes of action which may be pleaded under the interpleader statute, and the motion should be denied.[1]
The central issue is, whether, pursuant to the Connecticut interpleader statute, a defendant may seek indemnification from third parties for its potential liability in the first action based on contract claims, when asserting indemnification based on a negligence theory in the third party complaint. For the reasons set forth in detail below, the court finds in this case that this cause of action arises out of and is derivative of the facts asserted in the first party action. The court grants the motions to strike counts one and two of the third party complaint, denies the motion to strike count three of the complaint, and grants the motion to strike the claim for separate monetary damages as to counts one and two of the third-party complaint.
 I LAW
A. Motion to Strike
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack,30 Conn. App. 305, 309, 620 A.2d 181 (1993). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325,709 A.2d 1089 (1998). The court "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." CT Page 3788 (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 523, 753 A.2d 927 (2000). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Lombard v. Edward J.Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). In addition, the motion admits facts well pleaded by does not admit legal conclusions. Clohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852 (1996). A motion to strike is the proper procedural method to test an interpleader action. Commissioner v. Lake Phipps Land Owners Corp., 3 Conn. App. 100,102, n. 2, 485 A.2d 580 (1985).
B. The Interpleader Statute
The indemnification and contribution claims statute, § 52-102a, controls the issue raised by this motion to strike. It states as follows that "a defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all, or part, of the plaintiffs claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action, nor work an injustice upon the plaintiff or the party sought to be impleaded."
"The purpose of 52-102a, like that of [Federal] Rule 14(a), is clearly to obviate the multiplicity of actions"; Senior v. Hope, 156 Conn. 92,96, 239 A.2d 486 (1968). It is also to "facilitate litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense of many suits and many trials."Beaudoin v. Town Oil Co., 207 Conn. 575, 588, 542 A.2d 1124 (1988). "As a fundamental and threshold requirement, a third-party plaintiff must allege that the third-party defendant is or may be liable to the third-party plaintiff for all or part of the plaintiffs claim against him." Great Spring Water v. Chadburn, 1998 Ct. Sup. 1826, Superior Court, Judicial District of Stamford, Docket No. CV96 0155158 (Aug. 24, 1998, Lewis, J.) citing Commissioner v. Lake Phipps Land Owners Corp., supra, 3 Conn. App. 102. This requirement does not mandate that the third-party complaint contain the exact language contained in the statute. American States Insurance Company v. Wright Electric, Inc.,1993 Ct. Sup. 10462, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 509923 (November 23, 1993, Wagner, J.) "The burden is on the [third-party] plaintiff to allege facts to bring his proceeding within the requirements of the statute." Senior v. Hope, supra, 156 Conn. 92 at p. 98.
"[T]he language of § 52-102a . . . refers to causes of action for CT Page 3789 indemnity and contribution respectively." Malerba v. Cessna AircraftCo., 210 Conn. 189, 195, 554 A.2d 287 (1989). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct."Burkett v. Petrol Plus of Naugatuck, 216 Conn. 65, 74, 579 A.2d 26
(1991), citing Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 411,207 A.2d 735 (1965).
A further attribute of an interpleader action is that it assumes the first-party plaintiff has prevailed against the defendant third-party plaintiff Maccarone v. Hawley, 7 Conn. App. 19, 22, 23, 507 A.2d 506
(1986). This requirement is also explicit in § 52-102a that "a defendant may bring a third party complaint against a third person who is or may be liable to him for all or part of the plaintiffs claim against him." Thus, for the purposes of this motion to strike, it is necessary to assume that the plaintiff has established the facts supporting the cause or causes of action in the first party complaint against the defendant.[2]
 II DISCUSSION
A. The facts alleged in the complaints
The issues raised by the third party defendants require a careful review of the facts supporting the causes of action alleged in both complaints. Both the interpleader action and the motion to strike require the court to construe the complaint, here the third party complaint "in the manner most favorable to sustaining its legal sufficiency."
1. The first-party complaint
First, the court must assume the plaintiff Paul Ruby has prevailed against Chase in the first party action, namely that Paul Ruby established that Chase breached its signed agreement with him to sell him the real estate. The second count in that complaint is for specific performance and conveyance of the real property to Paul Ruby. Specific performance is an equitable remedy and it, of necessity, includes the findings concerning the breach of contract to support its claims. The third count is also derivative of the breach of contract claim, as it claims that Chase used one contract for sale to intentionally force Paul Ruby to offer a higher price for the property and enter into the contract which was breached. These, then, are the facts, which are assumed to have been established. They are necessary for analyzing whether the CT Page 3790 third-party complaint, as a matter of law, states any claims for which indemnification could be granted pursuant to the Connecticut interpleader statute.
Chase, who acquired this property in foreclosure, had been negotiating with a third party, the other defendants, Douglas and Kimberly Zeytoonjian, with whom a sales contract was entered into, as well as with the plaintiff. The Zeytoonjians had signed an agreement to purchase the property for $575,000, but subsequently, after an inspection, requested a reduction in the price of $27,000. Chase declined the requested price reduction. During this time period, Paul Ruby made an offer to purchase, received a counteroffer from Chase for $585,000, which he signed. Subsequently, the Zeytoonjians reasserted their $575,000 contact and so it came to pass that Chase signed two separate contracts for sale of the same property.
2. The third-party complaint
The third-party complaint alleges that the defendants Armina Pereira, a real estate agent employed by Nova Realty, Inc., and Nova Realty, arranged for Chase and the Zeytoonjians to enter into a contract for sale of the property. It alleges that thereafter the third-party defendants informed Chase that the Zeytoonjians were seeking a price reduction, which Chase declined.
Chase gave the Zeytoonjians a period of time to respond. The third-party defendants informed Chase that the Zeytoonjians had not responded by the time set, and then a signed counteroffer was sent to the plaintiff, Paul Ruby, which he accepted. The next day, the third party defendants informed Chase that the Zeytoonjian agreement at the original price of $575,000 was in place. The third-party complaint is in three counts; sounding in negligence, breach of fiduciary duty, and a claim for indemnification.
In the first count, Chase alleges the third-party defendants, Periera and Nova, were negligent. They were allegedly negligent in representing to Chase that the Zeytoonjian agreement had been canceled because the defendant Pereira knew, or should have known that the agreement was still in effect, despite the Zeytoonjians' failure to respond to Chase's denial of the price reduction. It alleges that they were also negligent in arranging for the Ruby contract to be signed, without insuring that the Zeytoonjian contract had been canceled. In the second count, Chase asserts all of the same negligence allegations of the first count, and adds allegations that the third-party defendants entered into a relationship with Chase, which gave rise to a fiduciary duty which was breached by these actions, which were not in Chase's best interest. The CT Page 3791 third count is entitled "indemnification" and re-alleges the negligence claims, that the third party defendants exercised exclusive control over the property; that Chase had no knowledge of their negligence, and no reason to anticipate their negligence. The count contains a paragraph, which states, if "Chase is found liable to the plaintiff, said liability arises directly from the active negligence of Pereira and Nova rather than Chase." Such, then, are the facts that the court takes as established for purposes of this motion.
B. Discussion
While there are two types of indemnification recognized in Connecticut, contractual indemnification and indemnification based on an active/passive negligence theory, Kaplan v. Merberg WreckingCorporation, 152 Conn. 405, supra, in this case, it is the second or active/passive negligence theory on which Chase relies and which it has alleged. The right to be indemnified by another requires proof that the third-party defendants were primarily negligent and that the third-party plaintiff was only secondarily negligent. Beaudoin v. Town Oil Company,Inc. 207 Conn. 575, supra. In order to state a cause of action for indemnification, a party must allege and prove:
 "1) that the third party was negligent; 2) that its negligence rather than another's was the direct and immediate cause of the injury; 3) that it had exclusive control over the situation; 4) that the party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence; and 5) that the charged party owed an independent legal duty to the secondarily negligent tortfeasor." (emphasis added) Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573, 55 A.2d 117 (1982); Atkinson v. Berloni, 23 Conn. App. 325, 326-27 (1990), reversed on other grounds 240 Conn. 694, 694 A.2d 788 (1997).
The third-party defendants rely on these and a number of superior court cases, which the court finds persuasive on the issue of the first two counts, which do not seek to pass on the liability alleged in the first party action to the third party defendants. The court also finds that counts one and two of the third-party complaint do not comply with the minimal requirements of the interpleader statute, that the third-party defendants "are or may be liable" to the third party plaintiff for the liability to which the third-party plaintiff is exposed in the first-party complaint, that is for the executed sales contract to Ruby CT Page 3792 which it did not honor. The court therefore grants the motion to strike counts one and two of the third-party compliant and also strikes the claim for monetary damages, which arise out of those two counts.
As to the third count, which seeks indemnification based on the negligent acts of the third-party defendants, the court finds that this count does adequately state an indemnification claim. The court is not persuaded by the argument that, because the first-party complaint sounds in contract, a third-party complaint seeking indemnification cannot be based on a negligence theory. The various superior court cases relied upon by the third-party defendants upon closer reading do not support this position, but rather state the law which supports the motion to strike the first two counts, which are not derivative of the first-party complaint and do not seek to pass on such liability.
Most analogous to the case before the court is Sun Care Corp v. LongRidge Nursing Rehabilitation Center, Inc., 1999 Ct. Sup. 4322, No. CV 95-0144862 S, Judicial District of Stamford/Norwalk at Stamford (Apr. 27, 1999, Lewis, J.). This case, among others, holds that a third-party action seeking indemnification based on alleged professional negligence states an indemnification claim where the third-party action is derivative of a breach of contract claim in the first-party complaint.
In the case before it, the court finds that the third count of the third-party complaint contains all of the necessary elements to set forth a cause of action in active and passive negligence between these parties. The court therefore denies the motion to strike the third count.
BY THE COURT
_______________________ Barbara M. Quinn, Judge