THE FIRST NEW HAVEN NATIONAL BANK *v.*
LILLIAN ROSENBERG ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 144569

Memorandum filed November 17, 1975

*Greenberg & Costa,* for the plaintiff.

*N. Randall Bassett,* for the defendants.

SADEN, J. The plaintiff bank brought this debt action against the defendants Rosenberg, Schwann, and Stolz. The note, which remains unpaid, apparently was made and endorsed by the defendants Lillian Rosenberg, Abner Rosenberg, now deceased, Marvin Gold, and Annette Gold. Lillian Rosenberg has been sued by the bank on the note as coexecutor of the estate of Abner Rosenberg, as have been Schwann and Stolz. The defendants' earlier motion to require the plaintiff to cite in the comakers and coendorsers, Marvin and Annette Gold, was denied.

The defendants now move to implead the Golds, and the plaintiff objects that the defendants are attempting to commence a third-party action in contribution and such action is not allowed until actual payment is made by the defendants. The plaintiff cites *Waters* v. *Waters,* 110 Conn. 342, 346, in which the court said: "While this right [to contribution] is an existing obligation running from the inception

of the relation, a right of action for its enforcement does not accrue in law or in equity until the actual payment of the common debt."

The law of contribution, as stated in *Waters,* is still controlling in Connecticut. It is, however, not determinative of this case. The issue here is whether a defendant is barred from impleading a third party in an action for contribution when the liability of the defendant for the debt on which contribution is sought is the subject matter of the principal cause of action. This is a question of third-party practice.

The issue has not heretofore been raised in Connecticut. The courts of other jurisdictions having third-party practice rules similar to those in Connecticut, however, allow such impleading. *Gustafson* v. *Johnson,* 235 Minn. 358, 372. See also 18 Am. Jur. 2d, Contribution, § 73; 59 Am. Jur. 2d, Parties, § 204; annot., 148 A.L.R. 1182, 1203. All of those cases deal with contributions among joint tortfeasors, which, of course, is not allowed in Connecticut. Nevertheless, the principles established in those cases concerning third-party action in contribution should be applicable. See *Friend* v. *Middle Atlantic Transp. Co.,* 153 F.2d 778, 780 (2d Cir.), in which the court states that a third-party action can be brought against a joint tortfeasor for contribution notwithstanding the fact that Connecticut law precludes contribution among joint tortfeasors.

Section 52-102a of the General Statutes permits a defendant in any civil action, on obtaining permission of the court, to implead "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." That language was taken verbatim from Rule 14 (a) of the Federal Rules of Civil Procedure. The purpose of General Statutes § 52-102a, like that of

Rule 14 (a), is to obviate a multiplicity of actions, and, "as in the case of Rule 14 (a), when § 52-102a permits the impleading of one who 'is or may be liable' for the claim sued on, the purpose and effect of the quoted words is to accelerate the accrual of the right to assert a claim against the impleaded person . . . ." *Senior* v. *Hope,* 156 Conn. 92, 96–97.

*Senior* involved an action to recover damages by a third-party plaintiff against third-party defendants on an indemnification agreement. One of the third-party defendants demurred on the grounds that (1) the action was premature because its obligation was conditioned on the failure of two other individuals to indemnify the third-party plaintiff and (2) there was no allegation in the complaint of such a failure. The Supreme Court held that General Statutes § 52-102a permits the impleading of one who "is or may be liable" for the claim sued on, and the purpose of that language was to accelerate the accrual of a right to assert a claim against a third-party defendant. The statute does not, however, affect that defendant's ultimate substantive rights. The right to implead a third-party defendant exists even though his ultimate liability to the impleading plaintiff is not yet determined. But the impleading plaintiff must allege facts to support proof that the third-party defendant in question "is or may be liable" so as to state a cause of action within the requirements of the statute. The Supreme Court affirmed the lower court decision to sustain the demurrer only because such an allegation was not made, not because the right to implead did not exist.

The difference between indemnity and contribution does not require this court to vary the principle in *Senior.* With regard to indemnity, the law implies an agreement or obligation and enforces a duty on the principal wrongdoer to respond for all damages,

whereas, with contribution, there is a common burden which the parties in equity should bear equally. *George's Radio* v. *Capital Transit Co.,* 126 F.2d 219, 222. See also 41 Am. Jur. 2d, Indemnity, § 3. The indemnitee, like the party seeking contribution, must first suffer a loss before bringing a cause of action under an agreement to indemnify. See *Fairfield* v. *D'Addario,* 149 Conn. 358, 361.

But this question of substantive law is not involved on the procedural issue of whether impleader will be permitted under § 52-102a enacted in 1965 and Practice Book § 78A, effective on September 2, 1969. Whether the impleading plaintiff's allegations are sufficient to meet the requirements of the statute and Practice Book is another question to be determined later if it becomes necessary. Impleading is relatively new in Connecticut practice. To be successful the impleading plaintiff must at least allege that the impleading defendant may be or is liable for all or part of the plaintiff-in-chief's claim against the impleading plaintiff.

The motion to implead is granted.