## Marcia Smith *v.* Mary A. Boccuzzi et al.

Superior Court     Fairfield County     File No. 028522
AT Stamford

Memorandum filed October 20, 1976

*Epstein & Rapaport,* for the plaintiff.

*Mihaly & Mihaly,* for the defendants.

Mignone, J.   The plaintiff has brought the present automobile negligence action against the defendants Mary A. Boccuzzi and Joseph Boccuzzi, respectively the operator and the owner of the motor vehicle in which the plaintiff was a passenger. These defendants now move to implead as third-party defendants the operator and the owner of a motorcycle. The proposed third-party complaint alleges that if the plaintiff recovers against the third-party plaintiffs, the original defendants, the recovery would be based in part upon the negligence of the third-party defendants, and that, therefore, the proposed third-party defendants would be liable to the third-party plaintiffs for a proportionate part of any judgment rendered against the third-party plaintiffs.

The present defendants, as the proposed third-party plaintiffs, rely on the provisions of the new Connecticut comparative negligence statute, General Statutes § 52-572h, for authority. One of the grounds upon which the plaintiff objects to the

allowance of the motion is that there is no basis of liability between the third-party plaintiffs and the third-party defendants. Since the plaintiff did not sue the proposed third-party defendants and since there is no independent cause of action between the proposed parties of the impleader sought, the Connecticut law denying a right of contribution between joint tortfeasors must control.

The proposed third-party plaintiffs allege that the proposed third-party defendants are liable to indemnify them for the proposed third-party defendants' proportionate share of the negligence that proximately caused the accident. That claim is based solely on an asserted interpretation of the new comparative negligence law.

It is necessary to start from the basic proposition that the substantive law of Connecticut unlike that of a number of other states, does not permit contribution between joint tortfeasors. The decision in *Friend* v. *Middle Atlantic Transportation Co.,* 153 F.2d 778 (2d Cir.), cert. denied, 328 U.S. 865, written by Circuit Judge Charles E. Clark, an eminent authority on the law of pleading, forcefully brings out the rule applicable here also. It must first be noted that the Connecticut statute permitting impleader of parties, General Statutes § 52-102a, was taken verbatim from Rule 14 (a) of the Federal Rules of Civil Procedure. *First New Haven National Bank* v. *Rosenberg,* 33 Conn. Sup. 1, 2. Judge Clark's opinion in *Friend,* supra, 780, makes it abundantly clear that defendants who can be charged with concurring acts of negligence and who could have been freely joined as defendants by the plaintiff "cannot be considered actors in separate and separable controversies."

The present case does not involve a debt on a note as did *First New Haven National Bank* v. *Rosenberg,* supra, where the court (*Saden, J.*)

granted a motion to implead two defendants on grounds invoking the law of contribution. *Senior v. Hope,* 156 Conn. 92, 96–97, involved an impleader motion to cite in third-party defendants who might be liable to the third-party plaintiffs on an indemnification agreement. The demurrer to the third-party complaint in that case was sustained only because the third-party plaintiffs failed to allege a cause of action against the third-party defendants.

The present defendants, as proposed third-party plaintiffs, seek to have this court find that the enactment of § 52-572h has now done away with this long-standing principle of negligence law and that it would allow a defendant, against whom alone the plaintiff has chosen to bring suit, to implead a third party as a tortfeasor singly or jointly. Fleming James, Jr., an acknowledged authority on the law of torts — and one who is particularly knowledgeable on the Connecticut law of negligence — has analyzed in depth the new comparative negligence statute in his elucidating article, "Connecticut's Comparative Negligence Statute: An Analysis of Some Problems," 6 Conn. L. Rev. 207. He points out, first of all (p. 211), that "[t]he statute applies only to *contributory* negligence, i.e., negligence which is a proximate cause of the injury." Further on (p. 219), he makes this significant observation: "The initial comparison is to be made between plaintiff's negligence and 'the combined negligence of the person or persons *against whom recovery is sought.'* (emphasis added). This clearly includes all persons sued as defendants as long as they remain such. Just as clearly, I suggest it exclude those against whom the plaintiff has pursued no claim, either by suit, or attempted suit, or by demand for settlement." James sees the statute as one in which the plaintiff is clearly the dominant actor who can still choose the persons whom he

will sue. The plaintiff is the "any person" in § 52-572h (a) who brings an action to recover damages. It is the plaintiff's contributory negligence that is to be weighed against "the combined negligence of the person or persons against whom recovery [by the plaintiff] is sought." § 52-572h (a).

The language of the statute is clear and contains nothing that changes the long-standing Connecticut rule prohibiting contribution among joint tortfeasors. The provisions of the impleader statute, § 52-102, cannot be stretched beyond their scope to allow a defendant to implead as a third-party defendant a person who has not been sued by the plaintiff.

If the intention of the legislature had been to do away with the prohibition against contribution among joint tortfeasors, it could have unquestionably included a provision to that end in § 52-572h. It did not see fit to do so. Since the language of the statute is clear and unambiguous, the court cannot read into it a meaning, however desirable, that was not meant to be included by the legislature. *Jarvis Acres, Inc.* v. *Zoning Commission,* 163 Conn. 41, 46. " 'In the interpretation of a statute, a radical departure from an established policy cannot be implied. It must be expressed in unequivocal language. . . .' 'It is not the function of courts to read into clearly expressed legislation provisions which do not find expression in its words.' " *Menzies* v. *Fisher,* 165 Conn. 338, 353.

For the reasons set out above the motion of the defendants, Mary A. Boccuzzi and Joseph Boccuzzi, to implead Martin Grisco and Daniel P. Gladstone as third-party defendants is hereby denied.