[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT ELRAC INC.'S MOTION TO STRIKE
In this case the defendant rental car company, Elrac Inc., leased a vehicle to the defendant Bidon. Bidon, during the rental period, allowed the defendant Thomas to drive the car and Thomas allegedly operated the car in a negligent manner which led to a collision with another vehicle causing injury to the two plaintiffs. The first two counts are brought by each plaintiff against the defendants Bidon and Thomas and against the defendant Elrac, Inc. under Section 14-154a of the general statutes.
The third count, the subject of this motion to strike, is brought by the plaintiffs against Elrac, Inc. on what is apparently a common law theory of negligence. In deciding a motion to strike the facts in a complaint must be construed in a light most favorable to the plaintiff Amodio v. Cunningham,182 Conn. 80 (1980); this rule of course does not apply to legal theories advanced by the plaintiff.
In the third count the plaintiffs allege Elrac "negligently entrusted" its car to Bidon because it failed to explain to him and make sure that Bidon understood he wasn't allowed to let anyone else drive the car, par. 4.
Paragraph 5 says Elrac negligently entrusted the car to Bidon while Bidon "was incompetent in allowing another to gain control of and negligently operate the (rental) automobile" which struck the plaintiffs' vehicle.
Paragraphs 6 and 7 indicate Bidon let Thomas drive the car during the rental period and that Thomas negligently operated the car.
Paragraph 8 says Elrac "knew, or in the exercise of reasonable care should have known that the defendant Robert Bidon, was incompetent and would not exercise reasonable care in allowing another to gain control of, and negligently operate said automobile."
Paragraph 9 concludes by saying the plaintiffs were injured by Elrac's negligent entrustment of its car to Bidon, the lessee, and its failure to explain to Bidon that no one else could drive the car during the rental period.
At common law the owner-lessor of a car is not responsible for the negligence of the lessee merely because the owner had title to the car and rented it to another who negligently caused an accident, Krutari v. Hageny, 75 F. Sup. 610, 613 (W.D.Mich, 1918), Levy v. Daniels' U-Drive Auto Renting Co., Inc., 108 Conn. 333,337-338 (1928). An auto while capable of doing great damage if not properly operated is not an intrinsically dangerous instrumentality, Gonchar v. Kelson, 114 Conn. 262, 271 (1932). At CT Page 10110 common law the owner of a car could be held responsible only under the family car doctrine, respondeat superior or, if the owner entrusted or rented the vehicle to a person the owner knew or had reason to know was incompetent by reason of inexperience or for some other cause, Greeley v. Cunningham, 116 Conn. 515,518 (1933). These limitations at common law inspired passage of § 14-1154a which in making lessors of motor vehicles liable for the tortious operation of rented vehicles hoped to provide an incentive to rental car companies to lease cars to competent and careful drivers, Levy at 108 Conn. at p. 306. Pedevillano v.Bryon, 231 Conn. 265, 270 (1994) refused, however, to give a literal reading to the statute by saying § 14-154a does not "preclude a lessor form imposing reasonable restrictions on the identity of those whom it is willing to entrust its property and for whose conduct it is willing to assume risk." The court upheld the validity of "authorized driver" provisions in these car rental agreements as against the claims of plaintiffs injured by a person driving the motor vehicle with the lessee's permission but not authorized by the lessor to operate the car.
The third count is a common law claim. It is difficult to understand how at common law you are not liable in negligence or any other theory if you rent a car to someone who negligently operates the car causing injury to another but are liable to an injured party if without your knowledge or consent the lessee permits another to drive who negligently causes an accident, cf.S. Litkin v. Avis Rent A Car. 382 So.2d 883 (Fla., 1980). The failure to tell the lessee not to let anyone else drive the car might arguably make it more likely a lessee would permit another to drive it but even if it did, the car owner would have no reason to think that if it didn't give this admonition the lessee would also be more likely to give the car to a person who would drive it negligently. Common law didn't ascribe such clairvoyance to the car owner in the mere act of renting the vehicle to a lessee who later negligently causes an accident, how could it attribute the even greater prophetic powers that are necessary to establish liability in the scenario now before the court. There is thus serious question about the propriety of imposing a duty on car rental agencies to give such a warning to prospective lessees, the absence of which will give rise to liability. But even beyond this concern how could it be said failure to give the warning proximately caused injury when the lessee gives the car to another without the lessor's knowledge and consent and a fortiori the lessor-owner has no reason to know that driver's identity let alone his or her ability to drive a car safely. CT Page 10111
The eighth paragraph does assert a different perspective to the negligence claim. It says the defendant Elrac knew or should have known that the lessee Bidon was "incompetent and would not exercise reasonable care in allowing another to gain control of an negligently operate said car." Conclusory allegations, however, won't serve to defeat a motion to strike. Nowhere is it explicitly alleged that Bidon's "incompetence" was of such an apparent type that Elrac knew or should have known that he would in fact give the defendant Thomas or in fact anyone else permission to drive the car. How far does the generally allegation that Bidon was "incompetent" go — does it mean a lessee who is incompetent to drive necessarily is so incompetent he'd give the car to a seven year old to drive or lend the car to people bent on committing a larceny. Is there some general recognized category of incompetency that would dictate that owners of property know or should know a lessee is capable of not only using the property carelessly but allowing the world at large to use it in a negligent or perhaps criminal way?
The missing link in the plaintiff's theory of recovery is thus the failure to allege Elrac knew or should have known Bidon would permit another to drive the car. I believe the plaintiff attempted to provide this missing link to his theory of negligence by trying to make much of the fact that care rental agency didn't make it understood to Bidon that he couldn't give anyone else permission to drive the car. But for reasons previously discussed that allegation doesn't provide a basis for liability.
Given the factual allegations made here, I believe the motion to strike the third count should be granted. CT Page 10112