[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE CROSS-CLAIMS
The plaintiff, Alfred C. Thyberg, brings this action against the defendants, Gail A. Bonneville and Alamo Rent-A-Car (Alamo), for injuries sustained from a motor vehicle accident. Count one alleges negligence as to Bonneville, the operator and lessee of a 1996 Nissan sedan owned by Alamo. Count two alleges, pursuant to General Statutes § 14-154a, that Alamo is liable for the damages sustained as the owner and lessor of the motor vehicle operated by Bonneville.[1] Alamo filed an amended two count cross-claim alleging common law and contractual indemnification, respectively. Bonneville has now moved to strike Alamo's crossclaims stating that they are insufficient as a matter of law.
A motion to strike is the proper vehicle with which to test the legal sufficiency of a cross claim. See Practice Book §10-39. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint, CT Page 9566 counterclaim or cross-claim] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael. Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The role of the trial court [is] to examine the [complaint, counterclaim or cross-claim], construed in favor of the [nonmoving party], to determine whether the [pleading party has] stated a legally sufficient cause of action." Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). The motion to strike "admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293
(1997)
 A.
Bonneville has moved to strike count one of Alamo's crossclaim arguing that a claim for common law indemnification must be based on active/passive negligence an accordance with the elements set forth in the case of Kaplan v. Merberg WreckingCorp. , 152 Conn. 405, 416, 207 A.2d 732 (1965). In particular, Bonneville maintains that Alamo cannot seek indemnification because "[t]here is no cause of action for common law indemnification based on active/passive negligence where one party's liability is based on negligence and the other party's liability is vicarious." Memorandum of Law in Support of Defendant Bonneville's Motion to Strike Amended Cross-Claim, p. 5.
"At common law the owner of a car could be held responsible only under the family car doctrine, respondent superior or, if the owner entrusted or rented the vehicle to a person the owner knew or had reason to know was incompetent by reason of inexperience or for some other cause."Galloway v. Thomas,
Superior Court, judicial district of New Haven at New Haven, Docket No. 371814 (September 26, 1995, Corradino, J.) (15 Conn. L. Rptr. 143), citing Greeley v. Cunningham, 116 Conn. 515, 518,165 A. 678 (1933). The limitations of the common law B.R. about the enactment of General Statutes § 14-154a. Gallowayv. Thomas, supra, 15 Conn. L. Rptr. 143. General Statutes §14-154a states that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had been the owner." Under § 14-154a, a lessor of a motor vehicle is vicariously liable CT Page 9567 for the damage caused to a third party by the lessee. See General Statutes § 14-154a.
Ordinarily, a joint tortfeasor has no right to either contribution or indemnity. Skuzinski v. Bouchard Fuels. Inc.,240 Conn. 694, 697, 694 A.2d 788 (1997) The courts, to balance the problems created by this rule, carved out an exception that allows a passive tortfeasor to receive indemnification from an active, primary tortfeasor. See, e.g., Johnson v. Mortenson,110 Conn. 221, 229, 147 A. 705 (1929). "Where . . . one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, [the courts] have distinguished between "active or primary negligence," and "passive or secondary negligence." . . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Citation omitted; internal quotation marks omitted.) Skuzinski v. Bouchard Fuels. Inc.,
supra, 240 Conn. 697, citing Kvrtatas v. Stop Shop. Inc.,205 Conn. 694, 697-98, 535 A.2d 357 (1988)
In order to shift liability from a passive joint tortfeasor to an active tortfeasor, Alamo must show that (1) Bonneville was negligent; (2) Bonneville was the direct and immediate cause of the accident; (3) Bonneville was in exclusive control of the situation; and (4) Alamo did not know of the negligence of the other, had no reason to anticipate it and could reasonably rely on Bonneville not to be negligent. See Kaolan v. Merberg WreckingCorp., supra, 152 Conn. 416. In viewing the amended cross-claim in the light most favorable to the nonmoving party, Alamo has set forth a sufficient claim of indemnification against Bonneville. Alamo has alleged in its cross-claim that Bonneville, as the primary tortfeasor, was negligent in driving through a red traffic light and striking the plaintiff's vehicle. Moreover, Alamo has alleged that Bonneville was negligent by failing to drive at a reasonable rate of speed and to obey a traffic control signal in violation of General Statutes § 14-299. Alamo also alleges that Bonneville was in the exclusive control of the car at the time of the accident and that by her failure to drive at a reasonable rate of speed and to obey the traffic control signals, she was the direct and immediate cause of the plaintiff's injuries. Finally, Alamo alleges that it had no reason to CT Page 9568 anticipate that Bonneville would be negligent in operating the vehicle and relied on her to operate the vehicle in a safe manner.
Bonneville argues, however, that an indemnification claim "involves two negligent parties — the party seeking indemnification (passive negligence) and the party against whom indemnification is sought (active negligence)." Memorandum of Law in Support of Defendant Bonneville's Motion to Strike Amended Cross-Claim, p. 3. Bonneville asserts that indemnification is only available to two negligent parties. Because Alamo is not negligent, but rather vicariously liable under General Statutes § 14-154a, Bonneville claims that Alamo cannot seek indemnification from her.
Bonneville maintains that to receive indemnification under the passive/active negligence exception, Alamo and Bonneville must share the same relationship in their status as a liable party. Even though Alamo is vicariously liable for Bonneville's negligence, the Connecticut Supreme Court has consistently held that General Statutes § 14-154a" [imposes] on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract or rental." (Internal quotation marks omitted.) Gionfriddo v. Avis Rent A Car System, Inc.,192 Conn. 280, 284, 472 A.2d 306 (1984). Moreover, "by virtue of the express terms of the statute the owner-lessor is made the alter ego of the operator so that the latter's acts with respect to the operation of the car . . . are in law the acts of the ownerlessor." (Internal quotation marks omitted.) Id., 285. Under the statute, Alamo is considered the "alter ego" of Bonneville and holds the same status as a liable party. Thus, Alamo, by virtue of General Statutes § 14-154a, has the same liability as Bonneville and can stand in the same position as a joint tortfeasor for purposes of the passive/active negligence exception.
Additionally, requiring both parties to be negligent in order for a passive tortfeasor to receive indemnification would undermine the passive/active negligence exception. Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. 697. The passive/active negligence exception was adopted for exactly the situation where a vicariously, passively liable party could not otherwise obtain indemnification from a negligent active tortfeasor. See, e.g., CT Page 9569 Malerba v. Cessna Aircraft Co., 210 Conn. 189, 198, 554 A.2d 287
(1989). But see Palazzo v. Delrose, Superior Court, judicial district of Danbury, Docket No. 332460 (May 11, 1999, Radcliffe, J.) (holding that a vicariously liable party under General Statutes § 52-183 cannot bring claim for indemnification under passive/active negligence exception). Thus, embracing Bonneville's argument would swallow the passive/active exception for indemnification. Accordingly, the motion to strike count one of Alamo's cross-claim is denied.
 B.
Bonneville moves to strike count two of Alamo's crosscomplaint on the ground that Alamo's claim for contractual indemnification fails to plead any loss rendered from a judgment in the underlying negligence action. Bonneville argues that the contractual agreement only provides for indemnification for loss, which can only be incurred at the time of judgment in the underlying action against Alamo. In response, Alamo states that there is no supporting authority for the proposition that a claim for contractual indemnification is premature if raised along with the underlying negligence action. Moreover, Alamo asserts that if this court holds that a contractual indemnification claim is premature, it would conflict with General Statutes § 52-102a, which allows a defendant to move the court for permission to bring a person not a party into a pending action if that party may be liable to the impleading party for all or part of the plaintiff's claim.
General Statutes § 52-102a states, in pertinent part, that "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action which is or may be liable to him for all or part of the plaintiff's claim against him." General Statutes § 52-102a "finds its counterpart in Rule 14(a) of the Federal Rules of Civil Procedure." Senior v. Hope, 156 Conn. 92, 96, 239 A.2d 486
(1968). "The purpose of § 52-102a, like that of Rule 14(a), is clearly to obviate the multiplicity of actions." Id. Under § 52-102a, a party can implead a non-party "even though the latter's ultimate liability to the plaintiff was as yet undetermined," so long as the impleading party shows that the impleaded party may be liable to them. Senior v. Hope, supra, 97. Thus, the purpose of § 52-102a "is to accelerate the accrual of the right to assert a claim against the impleaded person." CT Page 9570First New Haven National Bank v. Rosenberg, 33 Conn. Sup. 1, 3,355 A.2d 319 (1975), citing Senior v. Hope, supra,156 Conn. 96-97. Under these principles, Alamo's claim for contractual indemnification would not be premature because the purpose of § 52-102a is to accelerate the accrual of a potential claim against the impleaded person in order to "facilitate litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense of many suits and many trials." Schurgast v. Schumann, 156 Conn. 471, 485,242 A.2d 695 (1968). Here, Alamo, in its amended cross-claim alleged sufficient facts to show that Bonneville may be liable to Alamo by virtue of the contract between the two parties. Bonneville agreed in her contract with Alamo that she would indemnify Alamo for all damages caused by any negligent operation of the leased vehicle. Although the court notes that a contract for loss generally accrues at the time of loss, pronouncing that Alamo cannot bring its cross-claim until a final judgment in the underlying action is rendered against it would only serve to thwart the purposes of General Statutes § 52-102a.
Bonneville cites to Sivilla v. Phillips Medical Systems ofNorth America, Inc., 46 Conn. App. 699, 700 A.2d 1179 (1997), for additional support that Alamo's contractual claim is premature. Alamo rebuts Bonneville's argument by contending that Sivilla
analyzed § 52-598a in a different context. In particular, Alamo claims that the language of § 52-598a does not bar a party from bringing a contractual indemnification cross-claim under the circumstances of this case and that to the extent thatSivilla suggests otherwise, it conflicts with General Statutes § 52-102a. Alamo further argues that because Bonneville was already a party to the case, the proper procedure was to raise a claim against her for indemnification by way of a cross-claim. Moreover, Alamo maintains that had Bonneville not been sued directly by Thyberg, Alamo "could have utilized § 52-102a and any arguments regarding the claim being premature would be irrelevant in that the statute specifically allows the impleading of such a party." Objection to Motion to Strike Cross-Claim Against Gail A. Bonneville, p. 5.
General Statutes § 52-598a states that "[n]otwithstanding any provision of this chapter, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either a judgment or settlement." (Emphasis added.) In Sivillav. Phillips Medical Systems, the Connecticut Appellate Court CT Page 9571 determined that a defendant's counterclaim for contractual indemnification, which was brought two years after the filing of the original complaint, was not time barred under General Statutes § 52-598a. In discussing the statute of limitations, the court noted that a contract indemnification provision for loss "must actually occur and be ascertainable before the indemnitee can maintain an action." Sivilla v. Phillips MedicalSystems, supra, 46 Conn. App. 711. Moreover, the court stated that the defendant's "cause of action, notwithstanding the date on which it was filed, did not accrue until [the date] . . . when the stipulated judgment was accepted by the trial court," which occurred after the defendant's counterclaim was filed. Id. For this reason, the court held that the defendant's counterclaim was timely filed under General Statutes § 52-598a.
To the extent that the holding in Sivilla suggests a conflict between § 52-598a and General Statutes § 52-102a, it is fundamental that "[i] f two statutes appear to be in conflict but can be construed as consistent with each other, then the court should give effect to both." Lafayette Bank and Trust Co. v.Szentkuti, 27 Conn. App. 15, 603 A.2d 1215, cert. denied,222 Conn. 901, 606 A.2d 1327 (1992). These statutes are not inconsistent with each other. Sivilla's interpretation of §52-598a is distinguishable from the present case. The conflicting language in Sivilla's analysis of § 52-598a can be read to be limited to the context of the statute of limitations as that issue was presented. Further, § 52-598a does not say an action must be brought or only can be brought within three years of judgment or settlement. It says that such an action "may" be brought within that time frame. The two provisions can therefore be construed harmoniously to read that an action for indemnification may be brought within three years of judgment or settlement or the party from whom indemnification is sought may be impleaded earlier pursuant to § 52-102a. Moreover, the Connecticut Appellate Court noted in Sivilla that procedurally, the defendant's counterclaim was filed prior to the accrual of the indemnification claim. Id., 702, 711. For these reasons, this court finds that neither the holding of Sivilla nor the terms of § 52-598a bar a party from bringing an indemnification claim for loss simultaneously with the underlying action.
Additionally, in determining whether a statute can be construed as consistent with another conflicting statute, a court may ascertain the legislative intent behind the statute's adoption and look to the history and policy underlying its CT Page 9572 enactment. See Connecticut v. AFSCME, 249 Conn. 474, 478, A.2d (1999). In looking at the legislative intent underlying General Statutes § 52-598a, it appears that the General Assembly was seeking to vitiate the consequences of Protter v. Brown Thompson Co., 25 Conn. App. 360, 593 A.2d 524, cert. granted,239 Conn. 906, 597 A.2d 335 (1991) (appeal withdrawn), which held that an indemnification action must be brought within three years from the date of the negligent conduct.[2]
The intent of General Statutes § 52-598a was not to bar a party from impleading a potentially liable defendant into the original action when it inserted the "judgment or settlement" language. See 36 H.R. Proc., Pt. 31, 1993 Sess., pp. 11016-17. In fact, the legislature specifically recognized that in most instances an indemnification action would run simultaneously with the underlying claim. See id., pp. 11013, 11016-17, 11022-23. Encouraging simultaneous trials, it also recognized that bifurcated trials under § 52-598a would waste judicial time and resources. See 36 H.R. Proc., supra, pp. 11016-17, 11022-23. Thus, the enactment of § 52-598a was intended to preserve the judiciary's limited time and resources consistent with the purposes of General Statutes § 52-102a.
Accordingly, the motion to strike count two of Alamo's cross-claim is also denied.
Peck, Judge.