[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs sued the defendant, Lyon Billard Co. (LB) for allegedly selling them defective architectural shingles. The action was made returnable to this court on December 13, 1994. On July 23, 1999, LB, as third party plaintiff, impleaded Elk Corporation (Elk), the manufacturer of the shingles, seeking indemnification. Elk moves for summary judgment on the third party complaint on the basis that it is untimely under General Statutes § 52-577a (b).
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there are no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Dept. of SocialServices v. Saunders, 247 Conn. 686, 696, 724 A.2d 1093 (1999). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the CT Page 9995 existence of such an issue." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554,707 A.2d 15 (1998).
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381, 713 A.2d 820 (1998). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Millerv. United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
General Statutes § 52-577a (a) provides: "No product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, subject to subsections (c), (d) and (e), no such action may be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten years from the date that the party last parted with possession or control of the product." General Statutes § 52-577a (b) provides: "In any such action a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date the cause of action brought under subsection (a) of this section is returned to court."
In opposition to Elk's motion for summary judgment, LB argues that its third party action is timely under General Statutes § 52-598a, which provides: "Notwithstanding any provision of this chapter. an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement." Sections 52-577a and52-598a are codified in chapter 926 of the General Statutes.[1]
General Statutes § 52-598a was enacted in 1993, subsequent to § 52-577a, which was originally enacted in 1979. See Stanton v.Carlson Sales, Inc., 45 Conn. Sup. 531, 536-39, 728 A.2d 534 (1998). "Statutes should be read so as to harmonize with each other, and not to conflict with each other. . . . We must presume that the legislature intended the two statutes to be read together and to be construed, wherever possible, to avoid conflict between them." (Citations omitted.)Furhman v. Dept. of Transportation, 33 Conn. App. 775, 778, 638 A.2d 1091
(1994). If such a construction is not possible, "the latest expression of the legislature prevails over a conflicting prior enactment." Wisniowskiv. Planning Commission, 37 Conn. App. 303, 314, 655 A.2d 1146, cert. denied, 233 Conn. 909, 658 A.2d 981 (1995). CT Page 9996
General Statutes §§ 52-577a (b) and 52-598a indeed may be read in harmony. Section 52-577a (b) provides a procedural one-year time limit for impleading a product seller into a products liability action for indemnification or contribution. Section 52-598a provides a three-year time limit in which an action for indemnification may be brought after either judgment or settlement. Thus, while LB may have a three-year time period in which to bring an action for indemnification, that time period cannot start to run until LB receives a judgment on or settlement of the complaint against it by Mario and John DeMelis. See Sivilla v. PhilipsMedical Systems of N. Am., Inc., 46 Conn. App. 699, 711, 700 A.2d 1179
(1997) ("Section 52-598a expressly provides that a cause of action for indemnity does not arise until the determination of the underlying action against the party seeking indemnification. Thus, where an indemnity is against loss . . . the loss must actually occur and be ascertainable before the indemnity can maintain an action."); see also Fairfield v.D'Addario, 149 Conn. 358, 361, 179 A.2d 826 (1962).
Section 52-577a provides a one-year time limitation in which a party may be impleaded into a products liability action. Thus, § 52-577a
allows a party to implead another party prior to adjudication of an underlying products liability claim, rather than wait until judgment or settlement to bring an action in indemnification. LB, however, failed to bring its third party complaint to implead Elk until four and one-half years after the return date on the underlying complaint. Thus, LB failed to implead Elk within the time frame set forth in § 52-577a (b).
Certainly, as LB argues, a second trial runs the risk of wasting judicial resources; Thyberg v. Bonneville, Superior Court, judicial district of Hartford, Docket No. 580561 (July 30, 1999) (25 Conn. L. Rptr. 151). LB, however, simply missed the time frame specified in General Statutes § 52-577a (b) to implead Elk into the Demelis' action against LB.
Elk's motion for summary judgment is granted.
BY THE COURT
 Bruce L. Levin Judge of the Superior Court