ROSELLE C. LEOPOLD, PROSECUTRIX, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, AND STATE BOARD OF CHILDREN'S GUARDIANS OF THE STATE OF NEW JERSEY, DEFENDANTS.

Submitted May 6, 1941—Decided June 14, 1941.

614

Before Justices Bodine, Perskie and Porter.

For the prosecutrix, *John J. Fallon.*

For the defendants, *David T. Wilentz,* Attorney-General, attorney for the State Board of Children's Guardians and for the Civil Service Commission (by *Eugene T. Urbaniak,* Assistant Attorney-General, and *Harry A. Walsh,* Assistant Attorney-General.

The opinion of the court was delivered by

Porter, J.   The prosecutrix was employed under civil service status by the State Board of Children's Guardians (hereinafter called State Board), as a social investigator. While she was absent on sick leave other investigators made visits and investigations among those under her supervision and as a result it is claimed that she had not properly attended to her duties having made reports of visits she had not in fact made and of having reported conditions which in fact did not exist.   By reason of these conditions the State Board concluded to dismiss her.   She was served with a notice to that effect and was told therein that she could be heard in her own behalf May 17th, 1940, and further that she was entitled to a right to appeal to the Civil Service Commission (hereinafter called the Commission) from the dismissal within ten days thereof.   She made no request for a hearing but did appeal.   The Commission heard the appeal and took considerable testimony on behalf of both sides.   The decision of the Commission sustained the action of the Board in the dismissal of prosecutrix by the use of the word "affirm."

A careful examination of the testimony leads us to the conclusion that there were acts of dereliction of duty on the part of prosecutrix which justified the Board in dismissing her and that the action of the Commission was right in upholding the dismissal.   We, too, find as a fact that prosecutrix did not, as charged, attend to her duties.

The point is made that the decision of the Commission is erroneous under the statute, *N. J. S. A.* 11:15-6, and should be reversed because it "affirms" the dismissal rather than "approves" it. It is true that the statute reads that "the decision shall state whether the removal of the employe is approved \* \* \*." We think, however, that the point is without merit because the words approve and affirm as used in this sense have substantially the same meaning. The clear legislative meaning was that a decision be rendered by the Commission on the merits after a hearing. The Commission could and did in this case approve the action within the meaning of the statute if it made its decision clear to that effect even though it used a word other than "approve." Its use of the word "affirm" therefore did not render its decision erroneous.

Concluding that prosecutrix was given a fair hearing after notice and that she was not prejudiced in any way the writ is dismissed, with costs.