[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT FILED BY CASANOVA STREET WASTE PROCESSING AND RECYCLING CORPORATION, DATED FEBRUARY 10, 2000
The defendant, Casanova Street Waste Processing and Recycling Corporation (Casanova) filed this motion for summary judgment alleging that the statute of limitations, General Statutes § 52-584, prevents the plaintiff from maintaining this personal injury action since service on Casanova occurred more that two years from the date of the injury.
 FACTS
The plaintiff, Paulo Pinto, was seriously injured in a truck collision that occurred in Greenwich, Connecticut on I-95 in the early morning hours of October 25, 1996. He was employed as a highway repairman and was working on the shoulder area of I-95 at the time of the collision. He commenced this lawsuit by a complaint dated January 2, 1998, which named only two defendants, Marek Zieba, the operator of the truck and Sroka Trucking Co., the owner of the truck. The complaint alleged that Zieba was operating a truck on I-95 and left the travelled portion of the highway entering the breakdown lane, striking another truck occupied by the plaintiff. This collision threw the plaintiff to the pavement and caused severe and permanent injuries. Three of the plaintiff's co-workers, Noel A. Grant, William Gregory and Querino Maia, were also substantially injured and they commenced their own lawsuits against the same two parties. All four lawsuits have been consolidated for trial and are pending on the Complex Civil Litigation Docket in the Stamford Superior Court.
After further investigation it was learned by all plaintiffs' counsel, that there were other parties who may be liable. Each party filed a separate motion in his file to cite in four new defendants. Those four defendants were Casanova, Renee G. Goulet, Renee L. Goulet, Sr. and CT Page 8283 Warning Lights, Inc., a/k/a Warning Lights and Scaffolding Service, Inc. The motions to cite in were all filed in September 1998. At various dates, the court, Mintz, J., granted all four motions to cite in and established different service and return dates.
In Pinto, the Motion to Cite In was dated September 10, 1998 and Judge Mintz' order was dated September 28, 1998. The Motion to Cite In contained no statutory or practice Book reference. It established a service date of October 22, 1998 and return date of November 3, 1998. Pinto prepared a draft amended complaint against all four additional defendants prior to the September 28, 1998 order. The complaint was dated and signed on October 30, 1998, and on that date Pinto delivered it to the sheriff for service. According to the sheriff's return on file, service was made on all four defendants on November 2, 1998. This court has examined the returns of service in the other three files. It appears that service by the other three plaintiffs on the newly cited in four defendants was made on or before October 20, 1998, within the two year statute of limitations. The defendant, Casanova, filed this Motion for Summary Judgment on February 10, 2000, alleging that the November 2, 1998 service on Casanova was beyond the two year limitations of General Statutes § 52-584. Casanova did not file a similar motion in the other three lawsuits. The parties filed Memoranda of Law and presented oral arguments.
In this case as to the defendant, Casanova, the pleadings are closed. The answer contained one special defense, the statute of limitations, General Statutes § 52-584. A general denial of that special defense was filed by the plaintiff, Pinto.
 DISCUSSION OF LAW
This court will not recite the well known standards for summary judgment. Practice Book § 17-49; Strada v. Connecticut Newspapers,Inc., 193 Conn. 313, 316-17 (1984); Wilson v. New Haven, 213 Conn. 277,279-80 (1989); Hammer v. Lumberman's Mutual Casualty. Co., 214 Conn. 573,578-79 (1990); Home Insurance Co. v. Aetna Life and Casualty Co.,235 Conn. 185, 202-03 (1995); Gutpa v. New Britain General Hospital,239 Conn. 574, 582 (1996). These standards have been applied by this court in deciding this motion
General Statutes § 52-584 is a two year statute of limitations and a three year statute of repose. According to the complaint, the plaintiff immediately sustained severe and substantial injuries on October 25, 1996. He was thrown from a truck to the pavement. His alleged injuries are: a fracture of the pubic remus, fracture of the left sacroiliac, multiple rib fractures, a dislocated sacrum and multiple internal CT Page 8284 injuries. He required a long period of hospitalization and medical treatment. All of these injuries occurred to the plaintiff immediately as a result of his being thrown to the pavement. Therefore, the three year repose section of the statute and the discovery of injury section are not relevant to the issue raised by this motion for summary judgment. Catzv. Rubenstein, 201 Conn. 39, 49-50 (1986); Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 175 (1956).
The plaintiff argues that the public policy of a limitations statute is to furnish notice to a party. He argues that under the unique facts and circumstances of this case, the named party, Casanova, had adequate notice that there was a Greenwich, Connecticut truck accident on October 25, 1996 on I-95 in which multiple parties sustained severe and disabling injuries. Casanova had notice of that fact since it was served prior to the expiration of the statute, no later than October 20, 1998, by the other three plaintiffs. The plaintiff, Pinto, argues that Casanova had actual notice of its liability and the substantial damage claim it was facing prior to October 25, 1998. Pinto argues that the public policy requirement of notice to the defendant, Casanova, has been met in this case and the motion for summary judgment must be denied.
Pinto cites no legal authority for this proposition and candidly admits that he has found no Connecticut case on point. The closest factual case cited by Pinto is Nichols v. The Lighthouse Restaurant, Inc., 246 Conn. 156
(1998). In Nichols, an employee of H Co., sought damages from the named defendant, L Co., for negligence after he sustained injuries from a fall at L Co.'s restaurant. H Co. intervened in the plaintiff's action against L Co. seeking reimbursement of money it paid to the plaintiff under Workers' Compensation. The trial court initially granted L Co.'s motion for summary judgment on H Co.'s intervening complaint on the grounds that the intervention in the plaintiff's negligence action occurred beyond the two year statute of limitations. The injury occurred on August 20, 1991 and H Co., within 30 days of commencement of the employee's August 4, 1993 lawsuit, intervened on September 1, 1993. The defendant, H Co., argued that it has the right under General Statutes § 31-293a to intervene within 30 days from the date of the employee's timely filed action against the tortfeasor, even if the intervention is beyond the two year statute of limitations. It argued that General Statutes § 31-293
a tolled the two year statute.
The Supreme Court found that neither statute states whether notice to an employer of the commencement by its employee of a lawsuit tolls the statute of limitations. The Supreme Court noted that the intervening employer's right to reimbursement is derivative of the injured employee's cause of action. The employer had a right on its own to file a lawsuit. The employer also had the statutory right to rely on the 30 day notice CT Page 8285 requirement. Reconciling both statutes, the Supreme Court found that tolling occurred so that H Co. would be granted its full 30 days to intervene even when the underlying two year statute had just expired.
Nichols does not stand for the proposition offered by the plaintiff, that the statute of limitations is tolled if co-plaintiffs have already timely served their lawsuits in accordance with their motions to cite in. In support of his argument, the plaintiff cites the following fromNichols: "A party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford." Gurliacci v. Mayer,218 Conn. 531, 547 (1991). Nichols involved a statutory analysis of the additional 30 day provision unique to a derivative Workers Compensation intervention lawsuit, not a notice issue. The defendant in Nichols had already been served by the first lawsuit commenced by the employee in which the exact injuries and claims of the employee were brought to the attention of the defendant. H Co.'s suit was merely derivative of that claim and it had no claims of injuries different than those of the employee. The Gurliacci quote was in this context. Gurliacci dealt with the issue of whether a post limitation amendment to a pending action related back to the date of the institution of the original action. TheGurliacci quote itself originated from Moore's Federal Practice, citing Rule 15(c) of the Federal Rules of Civil Procedure. Neither Gurliacci
nor Nichols support the plaintiff's position.
In statutory construction cases "[o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to its existing legislation and common law principles governing the same general subject matter." Fleming v. Garnett, 231 Conn. 77, 91-92 (1994). The statute of limitation produces harsh results. McGlincheyv. Aetna Casualty and Surety Co., 224 Conn. 133, 140
(1992); Hotkowski v. Aetna Life and Casualty Co., 224 Conn. 145, 154-55
(1992); Gionet v. Craft Magic, Inc., Superior Court, judicial district of Norwich, Docket No. 115480 (June 14, 1999, Hurley, J.T.R.),24 Conn.L.Rptr. 676, 1999 Ct. Sup. 7025; Altfeter v. Borough ofNaugatuck, Superior Court, judicial district of Waterbury, Docket No. CV96-0136342 (December 9, 1999, Pellegrino, J.),1999 Ct. Sup. 15949; Grant v. City of New Haven, Superior Court, judicial district of New Haven, Docket No. 382068 (February 3, 1998, Blue, J.), 21 Conn.L.Rptr. 340, 1998 Ct. Sup. 1322; Lang v. Brom Builders, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. CV 95-0369766S (February 3, 1998, CT Page 8286 Hartmere, J.), 1998 Ct. Sup. 2414; Levine v. Advest, Inc., Superior Court, judicial district of Hartford, Docket No. CV94-541857 S (June 20, 1996, Corradino, J.), 17 Conn.L.Rptr. 90, 1996 Ct. Sup. 4971.
Statutes have been passed to avoid the hardship arising from the unbending enforcement of a statute of limitations. Isaac v. Mt. SinaiHospital, 210 Conn. 721, 728-29 (1989). "Unfortunately, the unavoidable result we reach in this case is harsh. The plaintiff may very well be foreclosed from any remedy for what might have been an actionable injury. But it is within the General Assembly's constitutional authority to decide when claims for injury are to be brought. . . ." Burns v.Hartford Hospital, 192 Conn. 451, 460 (1984). "Tolling doctrines are . . . equitable devices to avoid what in particular circumstances may be harsh results brought about by the statute of limitations." Levine v.Advest, Inc., supra, Superior Court, Docket No. CV94 541857S. The court would prefer to avoid the harsh result of terminating Pinto's claim against Casanova. Therefore, it has considered other solutions to the plaintiff's dilemma, not argued before the court.
General Statutes § 52-593a (a) extends the statute "within the time limited by law, and the processes served, as provided by law, within fifteen days of the delivery." The sheriff's return does not state that he received the complaint in his hand on or before October 25, 1998, the statute of limitations date. Plaintiff's counsel admitted in oral argument that he first gave the writ, summons and complaint to the sheriff on October 30, 1998, the date of the complaint. The plaintiff cannot avail himself of the 15 day grace period under General Statutes § 52-593a (a). Although the November 2, 1998 date of service is within 15 days from the ending of the limitation period, this does not defeat the defendant's motion for summary judgment.
Neither the statutes nor Practice Book rules relating to citing in parties contains any authority for tolling of the statute of limitations while the cited in party is being served. The plaintiff's Motion to Cite In made no reference to any authority. The court has examined the following statutes and rules and has determined that no tolling provisions are contained therein: General Statutes §§ 52-101,52-102, 52-102a, 52-107, 52-110. Practice Book §§ 9-3, 9-6, 9-18, 9-21;Vincent v. Litchfield Farms, Inc., 21 Conn. App. 524, 528 (1990) (The filing of a third party complaint by the original defendant does not toll the running of the statute of limitations on a cause of action between the plaintiff and a third-party defendant); Abate v. Barkers ofWallingford, Inc., 27 Conn. Sup. 46, 50 (1967); Schmitz v. DiNicola,28 Conn. Sup. 385, 391 (1969).
The statute of limitations may be tolled by pleading fraudulent CT Page 8287 concealment. Bound Brook Association v. Norwalk, 198 Conn. 660, 665-66
(1986); General Statutes § 52-595. No such pleading has been filed by the plaintiff and no claim of fraudulent concealment has been argued.Willow Spring Condominium Association, Inc. v. Seventh BRT DevelopmentCorp., 245 Conn. 1, 33 (1998).
The statute may also be tolled if a continuing duty on the part of the alleged tortfeasor exists. "To support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong." Fichera v. Mine Hill Corp.,207 Conn. 207, [207 Conn. 204], 209 (1988). "Where we have upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." Id. 210. The plaintiff has not alleged that either Casanova has or had a special relationship or later conduct with the plaintiff in order to toll the statute of limitations for fraud. The plaintiff has not alleged or argued a continuing duty.
Under certain circumstances an amendment can relate back to the commencement of the original action. The relation back doctrine is based a similar concept argued by the plaintiff. The doctrine holds that both a later amendment to a complaint not alleging a new cause of action and the substitution of a plaintiff to correctly identify an originally misidentified plaintiff are subject to the relation back doctrine. "As long as [the] defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense . . . Thus, an amendment substituting a new plaintiff [will] relate back if the added plaintiff is the real party in interest. 6A C. Wright, A. Miller M Kane, Federal Practice and Procedure § 1501, pp 154-57; see also Health Research Group v. Kennedy, 82 F.R.D. 21 (D.D.C. 1979) (substitution of real party in interest as plaintiff permitted to cure lack of standing of original plaintif). An amendment to pleadings will relate back to its filing, at the very least, and back to the beginning of the action under appropriate circumstances. Sharp v. Mitchell,209 Conn. 59, 70-75, 546 A.2d 846 (1988); Giglio v. Connecticut Light Power Co., 180 Conn. 230, 239-40, 429 A.2d 486 (1980); see alsoConsolidated Motor Lines, Inc. v. M M Transportation Co., 128 Conn. 107,109, 20 A.2d 612 (1941)."Federal Deposit Insurance Corp. v. RetirementManagement Group, Inc., 31 Conn. App. 80, 84-85 (1993). The plaintiff is CT Page 8288 suing an entirely new defendant not previously misidentified. The relation back doctrine is not applicable to the plaintiff, Pinto.
In addition to the relation back doctrine, the rules of practice permit the substitution of parties as the interest of justice requires so as "to alter the harsh and inefficient result that attached to the mispleading of parties at common law." Federal Deposit Insurance Corp. v. RetirementManagement Group, Inc., supra, 31 Conn. App. 84; see also General Statutes §§ 52-108, 52-109; Practice Book §§ 9-19, 9-20. The plaintiff seeks to add an entirely new party, not a wrong or misidentified party. This liberal pleading rule cannot benefit the plaintiff.
The harsh effect of the statute of limitations has also been declared constitutional. Farms County Club v. Knickerbocker-Barry, Superior Court, judicial district of New Haven at New Haven, Docket No. 372119 (February 10, 1997, Zoarski, J.), 1997 Ct. Sup. 896; Graetz v. Brito, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. CV 95-0052517 S (March 2, 1998 Flynn, J.), 21 Conn.L.Rptr. 436,1998 Ct. Sup. 2716; Vilcinskas v. Sears. Roebuck Co., supra,144 Conn. 170; Sanborn v. Greenwald, 39 Conn. App. 289, 304-05 (1995).
The plaintiff argues, that this lawsuit was ordered consolidated with the other three plaintiffs' cases on April 28, 1998. The motion for consolidation was in accordance with Practice Book § 9-5: "Whenever there are two or more separate actions which should be tried together, the judicial authority may, upon the motion of any party or upon its own motion, order that the actions be consolidated for trial." Since April 28, 1998, each of these four files has proceeded with a separate docket number. Each pleading in each file has used a separate heading. None of the Motions to Cite In referenced the other pending lawsuit or party plaintiffs. None of the Motions to Cite in required that the service against any of the four cited-in defendants would be service for all the other plaintiffs. No such order was requested or entered by Judge Mintz in the Pinto case on September 28, 1998, nor in any of the other three consolidated files: These cases were only consolidated for trial. The fact that these matter were consolidated by court order on April 28, 1998 is irrelevant to the statute of limitations issue.
By common law a suit is commenced in this state by service of the writ and not by delivery of the writ to the officer. Rona v. Ritacco,236 Conn. 330, 337 (1996); McGaffin v. Roberts, 193 Conn. 393, 401-02
(1984). The accidental failure of suit statute provides that: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the CT Page 8289 officer to whom it was committed . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the termination of the original action . . ." General Statutes § 52-592
(a). "Although section 52-592 is a remedial statute and must be construed liberally . . . it should not be construed so liberally as to render statutes of limitation meaningless." (Citations omitted) Pintaville v.Valkanos, 216 Conn. 412, 417 (1990). "Therefore § 52-592 applies only when there has been an original action that had been commenced in a timely fashion." Capers v. Lee, 239 Conn. 265, 271 (1996). The accidental failure of suit statute cannot help the plaintiff.
 CONCLUSION
The collision occurred on October 25, 1996. Paulo Pinto's injuries were sustained immediately. The three year statute of repose in General Statutes § 52-584 is not relevant to this court's consideration. No argument was made that the injuries and those responsible therefor could not be reasonably discovered within the two years. The two year discovery of injury provision is not relevant. Plaintiff has pointed to no authority that holds that the granting of a motion to cite in a defendant tolls the statute of limitations for any period of time.
On occasions the hardship caused by the statute of limitations has been alleviated by the legislature. It did so with the right of pleading over after an apportionment complaint was filed. "Notwithstanding any applicable statute of limitation or repose, the plaintiff may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint." General Statutes §52-102b (d).
The legislature abrogated the harsh rule of Protter v. Brown Thompson Co., 25 Conn. App. 360 (1991), which held that an indemnification action is barred by the statute of limitations if it is not brought within the same period of limitations that apply to an original action against the indemnitee on the underlying claim for which indemnification is sought. Public Act 93-370, An Act Concerning the Statute of Limitation in Actions for Indemnification (now General Statutes § 52-598a).
"It is within the General Assembly's constitutional authority to decide when claims for injury are to be brought." Burns v. Hartford Hospital, supra, 192 Conn. 460. "It is not the function of the court to alter a legislative policy merely because it produces unfair results." Ecker v.West Hartford, 205 Conn. 219, 241 (1987). There is no tolling extension on a motion to cite in that has been pointed out to this court. CT Page 8290
The defendant, Casanova's, Motion for Summary Judgment as against the plaintiff, Pinto, is hereby granted.
SO ORDERED.
TIERNEY, J.